CITY OF DOVER, a Municipal Corporation of the State of Delaware, Defendant-Third-Party Plaintiff-below, Appellant,

v.

J. A. JONES CONSTRUCTION COMPANY, a Delaware Corporation as successor by merger to Livsey & Company, Inc., a Georgia Corporation, and J. A. Jones Construction Company, a Delaware Corporation in its own right, Plaintiff-below, Appellee,

v.

GENERAL ELECTRIC COMPANY, a New York Corporation, Fischer & Porter of Warminster, Pennsylvania, a Pennsylvania Corporation, Westinghouse Electric Corporation, a Pennsylvania Corporation, and Riley Stoker Corporation, a Massachusetts Corporation, Laramore, Douglass & Popham of New York, Inc., a New York Corporation, Frank Electric Corporation, a Pennsylvania Corporation, Federal Insurance Company, a New York Corporation, United Pacific Insurance Company, a Washington Corporation, and Employers Commercial Union Insurance Company, a Massachusetts Corporation, Third-Party Defendants, below.

CHAS. E. BROHAWN & BROS., INC., a Maryland Corporation, Third-Party Defendant-Fourth-Party Plaintiff, below,

v.

GEORGE CONCRETE CO., a Delaware Corporation, Fourth-Party Defendant, below.

Supreme Court of Delaware.

Submitted June 20, 1977.

Decided July 14, 1977.

Nicholas H. Rodriguez and William D. Fletcher, Jr. of Schmittinger & Rodriguez, Wilmington, for defendant below, appellant.

Walter L. Pepperman, II, of Morris, Nichols, Arsht & Tunnell, Wilmington, and C. Richard Rayburn, Jr., of Fleming, Robinson & Bradshaw, Charlotte, N. C., of counsel, for plaintiff below, appellee.

Before MARVEL, Chancellor, WRIGHT, Judge and HARTNETT, Vice Chancellor.

PER CURIAM.

Plaintiff below and appellee here, J. A. Jones Construction Company, has moved under Rule 19 of this Court for the dismissal of this interlocutory appeal by the City of Dover, the defendant below, from an order of the Superior Court, dated February 28, 1977, which denied such party's motion for summary judgment of dismissal of plaintiff's complaint.

The ground on which the Court below denied defendant's motion for summary judgment was that on the record before the trial court it could not be determined whether or not defendant was protected from liability to plaintiff for damages due to delays on the basis of so-called "no damage" or "no extra compensation" clauses in the contract in issue, a delay in completion of appellee's work for the City of Dover having been allegedly caused by the latter's gross negligence, on which issue there are substantial and material issues of fact.[1]

The present motion is based on the principle that the Court below having found that there were material facts in dispute concerning the respective rights of the contracting parties on the record before it that defendant's motion for summary judgment must be denied. See Superior Court Rule 56.

The question remaining to be decided, in ruling on the pending motion, is whether or not the judgment of the Court below, which concededly determined a substantial issue, also established a legal right, *Gardinier, Inc. v. Cities Service Co.*, Del. Supr., 349 A.2d 744 (1975), and *Wife M. v. Husband M.*, Del.Supr., 346 A.2d 521 (1975).

Here, we are satisfied that because it may well be that after an opportunity is afforded for the placing in the record of all of the material facts that defendant will prevail on the basis of the "no damage" or "no extra compensation" provisions of the contract here in issue and there are accordingly material issues of fact as to whether or not the clauses barring damages or extra compensation over and above the amounts called for in the contract in issue are applicable to the situation presented in the case at bar, denial of defendant's motion for summary judgment was correct and will not be disturbed on appeal inasmuch as such order did not determine a legal right.

We think it not amiss to repeat the warning of the late Chief Justice Wolcott, then Justice, in dismissing an appeal from the denial by the Court below of a motion for summary judgment in the case of *Sterling Drug, Inc. v. City Bank Farmers Trust Company*, Del.Supr., 38 Del.Ch. 444, 154 A.2d 156 (1959).

"We think it not amiss to observe that we have noted the recent tendency on the part of the bar to assume that all denials of motions for summary judgments are appealable. Under some circumstances, when rights are adjudicated, of course, such denials are appealable, but we suppose that, generally speaking, the usual denial of summary judgment adjudicates no legal rights. Such a result is the exception rather than the rule."

The motion to dismiss the appeal of the City of Dover from the order of the Court below, which denied the latter's motion for summary judgment, will be granted.

---

1. "Summary judgment will not be granted if material facts are in dispute. Moreover, it must appear from undisputed facts after drawing all reasonable inferences most favorably to the non-moving party that the moving party is entitled to judgment. . . . Applying this test, the motion for summary judgment on Jones' claim involving unreasonable delays caused by 'gross indifference' and by 'wilful negligent and wrongful acts or omissions' must be denied." (opinion below).