**GENERAL ELECTRIC COMPANY, a New York Corporation and Federal Insurance Company, a New York Corporation, and Westinghouse Electric Corporation, a Pennsylvania Corporation, Third-Party Defendants below, Appellants,**

v.

**CITY OF DOVER, a Municipal Corporation of the State of Delaware, Defendant-Third Party Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted Nov. 21, 1977.

Decided Jan. 4, 1978.

Stuart B. Young, of Young, Conaway, Stargatt & Taylor, Wilmington, for third party defendants below, appellants, General Elec. Co. and Federal Ins. Co.

Stephen E. Herrmann, of Richards, Layton & Finger, Wilmington, for third party defendant below, appellant, Westinghouse Elec. Corp.

Nicholas H. Rodriguez, of Schmittinger & Rodriguez, Dover, for defendant-third party plaintiff below, appellee, City of Dover.

Before WRIGHT and WALSH, JJ., and HARTNETT, Vice Chancellor.*

PER CURIAM.

Plaintiff below and appellee here, City of Dover, have moved under Rule 19 of this Court for dismissal of these interlocutory appeals by General Electric Corporation, and Westinghouse Electric Corporation, third party defendants below, of an order of the Superior Court dated February 28, 1977, denying their motions for summary judgment.

The Court below made several preliminary observations with respect to the contracts involved in the case. As we read the opinion below, no legal rights were finally determined and third party defendants may yet be successful in their interpretation of the contract. *Gardinier v. Cities Service Company,* Del.Supr., 349 A.2d 744 (1975).

The parties have been left free to present evidence as to all matters of substance discussed in the opinion below.

We see no practical difference between this appeal and the one in *City of Dover v. J. A. Jones Const.,* Del.Supr., 377 A.2d 1 (1977) recently dismissed by this Court, in which issues of contract interpretation were deemed to require factual presentation at trial. If there is a real difference between this appeal and the one in *Jones* it is that these appellants are third party defendants whose liability, if any, is contingent on that of City of Dover, and should be accorded less control over the case at this stage than one of the principal parties.

Accordingly, the motion to dismiss the appeals of General Electric Company and Westinghouse Electric Corporation from the order of the Court below which denied their motion for summary judgment is granted.