In re Glenn Andrew CRISCO, Debtor.

Bankruptcy No. 80–01152–BKC–TCB.

United States Bankruptcy Court,
S. D. Florida.

Oct. 10, 1980.

Barbara Phillips, Miami, Fla., for debtor.

Jeanette E. Tavormina, trustee.

Leon A. Roth, Miami, Fla., for creditors.

## ORDER DENYING CONFIRMATION

THOMAS C. BRITTON, Bankruptcy Judge.

This chapter 13 case is here for confirmation of the debtor's plan, following a hearing held on October 1.

The plan is opposed by the debtor's ex-wife and her attorney, judgment creditors under a contempt judgment entered in a child support proceedings against the debtor by a State court on March 24, 1980, six months before bankruptcy.

Confirmation requires that the plan meet six requirements specified at 11 U.S.C. § 1325(a). This plan does not meet two of those requirements and, therefore, confirmation is denied.

The fourth requirement is that:

" . . . the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date."

The debtor's ex-wife presently has a claim of about $7,400 remaining unpaid for past due child support assessed by the State court judgment referred to above. By an order entered on July 22, two months before bankruptcy, the State court granted continuing garnishment of $520 from each bi-weekly paycheck payable to the debtor. This judgment is nondischargeable in bankruptcy under the provisions of § 523(a)(5). The garnishment complies completely with 15 U.S.C. § 1673. If the estate of this debtor were liquidated under chapter 7, the ex-wife's claim (assuming she received nothing from the liquidation of this estate) would survive bankruptcy and would be paid in full through garnishment in less than seven months.

The debtor's plan proposes that this claim be paid at the rate of $135 a month from his future earnings. At that rate it would take over four and one-half years for the ex-wife's claim to be paid in full under the plan and she would be deprived of the writ of garnishment which would have satisfied her claim in less than seven months.

I find and conclude that the value as of the effective date of the plan of the property to be distributed under the plan on account of the ex-wife's claim is substantially less than the amount of the claim ($7,400). Deferred payments must be re-

**530**

duced to obtain their present value, taking into account the loss of use of the money during the period of deferment, the uncertainty of future performance and the effect of possible continued inflation. It is, I think, obvious that the application of such adjustments to the ex-wife's claim as it would be discharged under the plan and as it would be discharged under the State court orders clearly fix the value of the future distributions under the plan to be substantially less than the amount of the ex-wife's claim.

I recognize that the discussion in *Collier on Bankruptcy* (15th Ed.) ¶ 1325.01[b] assumes that the plan distributions must be compared with the distributions available from the liquidated estate. Because this statute is new, the author had the benefit of no cases and, I suspect, never considered the possibility that some claims are non-dischargeable. For that reason, I find the discussion of limited value.

In *Matter of Marlow*, N.D.Ill.1980, 6 B.C.D. 77, 78, 3 B.R. 305, a colleague has reached the opposite result based upon his assumption that the words in § 1325(a)(4), "the amount that would be paid on such claim" excludes the amount that would be paid on a *non-dischargeable* claim after a chapter 7 liquidation. I disagree. Neither the literal provisions of the statute nor anything I have seen in the legislative history requires such a narrow construction.

■ The debtor's plan has also failed to meet the third requirement:

" . . . the plan has been proposed in good faith and not by any means forbidden by law."

This debtor's schedules represent that his bi-weekly income, after withholding for taxes and social security, is $540. The ex-wife's claim includes the State court garnishment order of July 22, which recites that the debtor's employer reports a bi-weekly income, after the same deductions, of $768. The debtor's schedules were filed by him under penalty of perjury. The debtor's declaration of his income is of critical importance in the evaluation of his plan. Because creditors are afforded no opportu-

nity to vote on a debtor's plan under chapter 13, and because creditors frequently cannot afford to oppose a debtor's plan at a confirmation hearing, this court must place heavy reliance on the truth of the statements made in the debtor's papers filed with this court. For these reasons, I find the foregoing representation to be false and to have been made with the intent of deceiving this court as to the debtor's income and, therefore, I find that this debtor's plan has been proposed, in part at least, by a means forbidden by law.

■ Furthermore, it is clear from the petition filed by this debtor that the primary, if not the sole purpose of this proceeding is to nullify the State court contempt judgment of March 24. That judgment found the debtor in willful contempt for failure to pay child support as ordered for eleven years though he had the ability to do so. The judgment, which followed a contested hearing, was not appealed. No effort has been made to seek a modification of the judgment. The State court necessarily weighed the debtor's earning capacity, his necessary living expenses and his capacity to fulfill his obligation for the support of his child. The debtor asks this court to collaterally reverse that determination and to permit him to allocate less than $67.50 from his bi-weekly earnings to the discharge of this obligation, in order that he may allocate about $115 from each pay check to buy a 1979 Dodge van, which was repossessed before bankruptcy and is no longer in his possession.

There is nothing in the present Code nor in its legislative history, to my knowledge, that defines when a plan has been proposed in good faith. I conclude, therefore, that discretion was deliberately intended by this requirement. I find and conclude that the plan presented in this case has not been proposed in good faith in light of the considerations I have just discussed.

Because confirmation of this plan is denied, notice is given to the debtor and all creditors that a hearing will be held on Wednesday, October 22, 1980 at 9:30 a. m. in Courtroom I, 14 N.E. First Avenue, Mi-

ami, Florida, at which time this court will either grant or deny additional time for filing another plan or a modification of this plan or will either dismiss this case or convert this case to chapter 7 in accordance with the provisions of § 1307(c)(4).