In the Matter of Boyd GLOVER, Debtor.

**Bettie GLOVER, Plaintiff,**

v.

**Boyd GLOVER, Defendant.**

**Bankruptcy No. 81–575.**

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Dec. 2, 1981.

**214**

David W. Steen, Tampa, Fla., for plaintiffs.

Michael L. Clements, Brandon, Fla., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an adversary proceeding and the matter in controversy is the dischargeability, vel non, of alimony and support arrearages which have been reduced to a money judgment against Boyd Glover, the Debtor, who is now seeking relief under Chapter 7 of the Bankruptcy Code.

The facts determinative of this controversy as established at the final evidentiary hearing are as follows:

The Plaintiff, Bettie Glover, obtained a final judgment of divorce from the Debtor on March 24, 1980, in the Circuit Court of Houston County, Alabama, Civil Action No. DR–80–013. The Plaintiff was given custody of the parties' two minor children. The Debtor was ordered to pay $400 per month for the support of the two children and $100 per month alimony to the Plaintiff. As additional alimony, the Debtor was also ordered to pay $158.63 per month to Avco

Financial Corporation on a joint obligation incurred during the marriage.

The required payments fell into arrears, and on January 7, 1981, the Plaintiff obtained a money judgment against the Debtor in the Circuit Court of Houston County, Alabama, Civil Action No. 80–019.-01. The judgment was for past due child support and alimony. He was also charged $200 attorney fees.

The Debtor admits that the liability represented by the judgment, except for the attorney fees, is in the nature of alimony and support, but argues that the nature of the obligation was altered and changed to a dischargeable debt when it was reduced to a money judgment.

In supporting the claim of non-dischargeability, the Plaintiff cites *In the Matter of Crist and In the Matter of Pinkerton*, 632 F.2d 1226 (5th Cir. 1980) (a consolidated case), *cert. denied*, 451 U.S. 986, 101 S.Ct. 2321, 68 L.Ed.2d 844 (1981) and *In the Matter of Crisco*, 9 B.R. 528 (Bkrtcy.S.D.Fla. 1980). In *Pinkerton*, the Debtor's ex-wife filed suit to obtain alimony and support payments which had fallen into arrears. The litigation was settled by a compromise agreement and a promissory note. The Debtor subsequently filed his petition in bankruptcy, seeking discharge on the balance of the note. The Court held that the note was evidence of the obligation to pay alimony, therefore, was non-dischargeable.

In *Crisco*, the Debtor's ex-wife obtained a judgment for past-due child support, which was entered six months before the bankruptcy petition was filed. Subsequently, the Court granted a continuing garnishment of the Debtor's wages. The Court recognized the non-dischargeability of the judgment under Sec. 523(a)(5) and allowed the garnishment.

*In re Avery*, 114 F.2d 768 (6th Cir. 1940), involved facts similar to the present case. Six days prior to filing his voluntary petition for bankruptcy, the bankrupt's former wife obtained a judgment against him, based upon the divorce decree. After the bankrupt filed his petition, she obtained an

order in aid of execution of the judgment, but the referee in bankruptcy granted a stay. Subsequently, the bankrupt filed a petition with the District Court for an injunction restraining the former wife from taking further steps to collect the judgment. He asserted that the judgment had been discharged to the extent that it constituted a judgment for alimony, maintenance or support. In affirming the District Court, the Sixth Circuit Court of Appeals reasoned that the court had full power to inquire into the validity of the wife's claim, and the fact that the decree was reduced to judgment did not change the nature of the claim.

The Code does not require a different result in this case. "A judgment for alimony does not lose its non-dischargeable character by merger into a subsequent judgment ..." *3 Collier on Bankruptcy* Par. 523.15 (15th Ed.). *See also, In re Bus Stop, Inc.*, 3 B.R. 26 (Bkrtcy.S.D.Fla.1980). Since the Debtor concedes that the judgment, with the exception of the attorney fees, represents alimony and support, liability represented by the judgment ·is non-dischargeable.

The Debtor in the present case also contends that the award of $200 in attorney fees to the wife to obtain the judgment is dischargeable in that it does not represent an obligation owed directly to the spouse, but to the attorney. The Plaintiff maintains that the fees are non-dischargeable, being in the nature of alimony, and cites *In re French*, 4 B.C.D. 263 (S.D.Cal.1981) and *In re Bell*, 5 B.R. 653 (Bkrtcy.W.D.Okla. 1980). In both cases, attorney fees granted to the former spouse in a divorce decree were held non-dischargeable as being in the nature of alimony, even though the fees may not be paid directly to the former spouse. However, the question here is whether the attorney fees is dischargeable when rendered in connection with the enforcement of the alimony and child support awards.

The fact that the attorney fee is payable directly to the attorney and not directly to the wife, does not require a different result. *In re Wells*, 8 B.R. 189 (Bkrtcy.N.D.Ill.1981); *In re French, supra.* The majority rule is that, except when it appears clearly that the award was a property settlement, attorney fees awarded to an ex-spouse in a divorce decree are so closely connected with an award for support as to be in the nature of support or alimony and, therefore, are non-dischargeable. *In re Whitehurst*, 10 B.R. 229 (Bkrtcy.M.D.Fla. 1981); *In re Bell, supra.* Although federal bankruptcy law, and not state law, determines what is alimony and support for purposes of dischargeability under Sec. 523 of the Code, the court may look to state law for guidance.

Alabama Code Sec. 30–2–54 provides that, "In all actions ... for the *recovery of alimony*, maintenance or support in which a judgment of divorce has been issued, ... the Court may, in its discretion, upon application therefor, award a reasonable sum as fees or compensation of the attorney or attorneys representing both parties." Allowance of attorney fees is based on the same considerations as the allowance of alimony, i.e. financial need. *Smith v. Smith*, 365 So.2d 88 (Ala.Civ.App.1978). Therefore, under Alabama law, fees awarded in connection with the enforcement of alimony or support may be in the nature of alimony and exempt from discharge. See also *In the Matter of Dorman*, 3 C.B.C.2d 497 (D.N.J.1981).

Accordingly, this Court is satisfied that the judgment based on the wife's alimony award is not dischargeable and merger of the award into a judgment did not change its character or the underlying obligation. The award of attorney fees to obtain the judgment is, likewise, non-dischargeable under the federal standard, being in the nature of alimony.

A separate final judgment will be entered in accordance with the foregoing.