**In re George J. SHENEWOLF, Debtor.**

**STANZIONE AND STANZIONE, P.A., Plaintiff,**

**v.**

**George J. SHENEWOLF, Defendant.**

**Bankruptcy No. 5–81–00409.
Adv. No. 5–81–0399.**

United States Bankruptcy Court, M.D. Pennsylvania.

May 20, 1982.

John J. Robinson, Stroudsburg, Pa., for defendant.

Neil S. Rosen, Stanzione & Stanzione, P.A., Jackson, N.J., for plaintiff.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

The plaintiff, a creditor of the debtor, commenced this adversarial proceeding in bankruptcy pursuant to 11 U.S.C. § 523(c) for a determination of the non-dischargeability of two debts owed to it. The issue presented in this case is whether court ordered awards, incorporated in a divorce decree and a subsequent related decree, directing the debtor to pay the attorney of his ex-spouse for legal services rendered in obtaining and enforcing the divorce decree are non-dischargeable under § 523(a)(5) of the Bankruptcy Code. We must now adjudicate the cross-motions for summary judgment made by the plaintiff and the debtor.

Rule 56 of the Federal Rules of Civil Procedure, applicable to this proceeding through Rule 756 of the Bankruptcy Rules, governs the disposition of motions for summary judgment. Rule 56(c) states in part that a motion for summary judgment shall be granted if "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law". The plaintiff submitted an affidavit in support of his motion pursuant to Rule 56(e); the debtor failed to submit a counter-affidavit. Since there appears to be no

genuine factual dispute and since the plaintiff is entitled to judgment as a matter of law, summary judgment will be granted in favor of the plaintiff.

The facts of the case are as follows. The debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on May 20, 1981. The petition indicates an indebtedness to the plaintiff which is attributable to services rendered for the debtor's ex-wife in obtaining and enforcing a decree divorcing her from the debtor. The outstanding indebtedness consists of two awards made by the Superior Court of New Jersey, Chancery Division, Ocean County, initially aggregating $1,500.00. The first award was incorporated in the divorce decree and obligated the debtor to pay his ex-wife's legal fees incurred in obtaining the divorce. The second was granted by the Court for the plaintiff's efforts to compel the debtor's payment of support arrearages to the ex-wife. In state court the plaintiff obtained judgment on the debts. The current debt stands at $1,365.00.

Section 523 of the Bankruptcy Code governs the dischargeability of debts. That section states in part:

§ 523. Exceptions to Discharge

(a) A discharge under Section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

\* \* \* \* \* \*

Our research indicates that only one circuit court to date has addressed § 523(a)(5) and the issue at bar. The court ruled that the debtor's obligation to pay counsel fees to his ex-wife's attorney for prosecuting the divorce was non-dischargeable. *Pauley v. Spong* (In Re Spong), 661 F.2d 6 (2d Cir. 1981). The rule of Pauley, *Id.,* is further refined by a recent Bankruptcy Court decision. "The majority rule is that, except when it appears clearly that the award was a property settlement, attorney fees awarded to an ex-spouse in a divorce decree are so closely connected with an award for support as to be in the nature of support of alimony and, therefore, are non-dischargeable." *Glover v. Glover* (In Re Glover), 16 B.R. 213, 215 (Bkrtcy.M.D.Fla.1981); see also *Marks v. Catlow* (In Re Catlow), 663 F.2d 960, 961 n. 1 (9th Cir.1981) (listing numerous cases which held attorney fees non-dischargeable under § 523(a)(5)). We believe the rule enunciated by *Pauley* and *Glover, supra,* is well reasoned and represents the consensus. We adopt this rule as our own.

In the present case, neither party presented evidence indicating that the award of attorney fees was granted for services rendered in consummating a property settlement. Consequently, we view the first award of fees, granted in the divorce decree, in the nature of alimony, maintenance and support and thus, non-dischargeable. The second award of fees, granted for the enforcement of the divorce decree, is likewise non-dischargeable. *Glover, supra,* at 215. The fact that judgment was entered on the debts does not change this result. *Id.; Benze v. Nelson* (In Re Nelson), 16 B.R. 658, 660 (Bkrtcy.M.D.Tenn. 1981); 3 Collier on Bankruptcy ¶ 523.15 (15 ed. 1979). The plaintiff's motion for summary judgment will be granted.