In re William J. KLOSS, Debtor.

Tony MANCUSO and Frank Ventre, Jr., d/b/a Mancuso and Ventre, Plaintiffs,

v.

William J. KLOSS, Defendant.

Bankruptcy No. 5–82–00696.
Adv. No. 5–82–0698.

United States Bankruptcy Court,
M.D. Pennsylvania.

May 12, 1983.

---

Frank Ventre, Jr., Syracuse, N.Y., for plaintiffs.

Daniel K. Mathers, Williamsport, Pa., for defendant.

## OPINION

THOMAS C. GIBBONS, Bankruptcy Judge:

The issue presented in this case is whether an award of attorneys' fees granted in a divorce proceeding is nondischargeable under 11 U.S.C. § 523(a)(5). Under the facts of this case we find that the award of fees is in the nature of maintenance, alimony or support and thus is nondischargeable.

The parties have waived an evidentiary hearing and have submitted the case for decision based on a stipulation of facts. These facts indicate that William J. Kloss, the debtor, commenced an action for divorce against his wife in New York in June of 1981. The parties stipulated that the debtor would pay for his wife's attorneys' fees and this stipulation was later incorporated in the final judgment of divorce. Through the divorce proceedings Mrs. Kloss was represented by the plaintiffs in this case, Tony Mancuso and Frank Ventre, Jr., Esqs.

## DISCUSSION

■ Section 523(a) excepts from discharge certain types of specified debts. In pertinent part that section states as follows:

§ 523. Exceptions to discharge.

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\*  \*  \*  \*  \*  \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

\*  \*  \*  \*  \*  \*

In recently addressing the issue at bar this court stated that "The majority rule is that, except when it appears clearly that the award was a property settlement, attorney fees awarded to an ex-spouse in a divorce decree are so closely connected with an award for support as to be in the nature of support or alimony and, therefore, are non-dischargeable." *Stanzione and Stanzione, P.A. v. Shenewolf (In Re Shenewolf)*, 27 B.R. 187, 188 (Bkrtcy.M.D.Pa.1982) *quoting Glover v. Glover (In Re Glover)*, 16 B.R. 213, 215 (Bkrtcy.M.D.Fla.1981); *see also, Pauley v. Spong (In Re Spong)*, 661 F.2d 6 (2d Cir.1981). Federal law governs in determining whether an award of attorney fees represents alimony, maintenance or support. S.Rep. No. 95–989, 95th Cong., 2d Sess. 79 (1978) and H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 364 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, at 5865 and 6320, respectively.

■ In the case at bar it does not clearly appear that the award of attorneys' fees was a property settlement. Under § 523(a)(5) this finding compels us to hold that the debt is nondischargeable unless the debtor meets one of the two exemptions to this section, § 523(a)(5)(A) or (B). In asserting that the debt is dischargeable the debtor contends that the debt has been assigned within the meaning of § 523(a)(5)(A). Contrary to this assertion we find that on two points the record indicates that there was no assignment of the

claim. First, there is no evidence that Mrs. Kloss is no longer entitled to receive direct payment of the attorneys' fees. Such an extinguishment of entitlement to the fees would lend weight to the debtor's position. *See, e.g., Restatement (Second) of Contracts* § 317 (1981); Calamari & Perillo, *Contracts* 633 (1977). Nonetheless, we note that the debtor's payment to the attorney would satisfy Mrs. Kloss' obligation. Second, there is no evidence in the record suggesting that Mrs. Kloss no longer bears the obligation to repay the attorneys. We find that a termination of this liability would also tend to support the existence of an assignment. Rather than an assignment, the essence of the situation is that of a third party beneficiary contract executed in favor of the attorney. *Pauley v. Spong,* 661 F.2d at 10; *see also,* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 364, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, at 6320. Thus, we find that the claim has not been assigned. The debt is nondischargeable.

This opinion constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 752.