**In re Manuel DUTRA, Debtor.**

**ALLEN M. KIRSHENBAUM LAW OFFICES, Plaintiff,**

**v.**

**Manuel DUTRA, Defendant.**

**Bankruptcy No. 8200952.**
**Adv. No. 830021.**

United States Bankruptcy Court,
D. Rhode Island.

Oct. 19, 1983.

Carolyn R. Barone, Allen M. Kirshenbaum Law Offices, Providence, R.I., for plaintiff.

Anthony R. Berretto, Bristol, R.I., for defendant.

## DECISION DETERMINING FAMILY COURT–ORDERED COUNSEL FEE TO BE IN THE NATURE OF ALIMONY OR SUPPORT AND THEREFORE NONDISCHARGEABLE

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Plaintiff Allen M. Kirshenbaum Law Offices (Kirshenbaum) brought this complaint to have declared nondischargeable a counsel fee which the Rhode Island Family Court awarded him for services rendered in connection with the debtor's divorce case. The matter was heard by this Court on June 1, 1983. Two issues are presented: (1) whether the counsel fee has been paid, and (2) whether said fee is excepted from discharge as alimony, maintenance, or support pursuant to 11 U.S.C. § 523(a)(5).

After a protracted Family Court trial in April 1981, Judge William R. Goldberg entered an Interlocutory Judgment of Divorce ordering Manuel Dutra to pay alimony and child support, and ordering that "[t]he husband is further ordered to pay a counsel fee to Allen M. Kirshenbaum, Esquire, in the sum of $3,000.00." (Interlocutory Judgment of Divorce, Divorce Nos. N 80–0386, N 80–0389 (July 2, 1981)). A similar provision appears in the Family Court Final Judgment, entered October 5, 1982. On November 16, 1982, Manuel Dutra filed a Chapter 7 petition in this Bankruptcy Court. The schedules list Kirshenbaum as an unsecured creditor with a contingent claim of $3,000.

Kirshenbaum contends (1) that the fee in question has not been paid, and (2) that the Family Court's order requiring Dutra to pay $3000 on account of his then wife's legal fees is "in the nature of alimony, maintenance, or support" and therefore nondischargeable under 11 U.S.C. § 523(a)(5). This section provides:

§ 523. *Exceptions to discharge.*

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise . . . ; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support. . . .

This Court has recently noted that bankruptcy courts generally follow state law in determining whether a debt is in the nature of alimony, maintenance, or support, and that in Rhode Island, R.I.Gen.Laws § 15–5–16 requires the Family Court judge to use similar criteria in determining both alimony and counsel fees. *Mainelli v. Whitman (In re Whitman),* 29 B.R. 362, 363–64 (Bkrtcy.D.R.I.1983). In the instant case, the Family Court's findings and conclusions with respect to alimony and child support were based in large part on the fact that Manuel Dutra was earning $40,000 per year, compared to his wife's gross pay of $96 per week.

Upon consideration of the record established before this Court, together with the Family Court decision, we conclude that Judge Goldberg's order that Manuel Dutra pay a $3000 counsel fee to his former wife's attorney is in the nature of alimony or support, and is therefore nondischargeable.

The great disparity in the earnings of the parties at the time amply supports this conclusion, and we reject the debtor's contention as to the relevancy of the subsequent relative financial position of the parties. *See, e.g., Vickers v. Vickers (In re Vickers),* 24 B.R. 112, 116 (Bkrtcy.M.D.Tenn.1982).

■ We are also in agreement with the general proposition that "the majority rule among Bankruptcy Courts is that an obligation to pay attorney fees is so tied in with the obligation of support as to be in the nature of support or alimony and excepted from discharge," *Romano v. Romano (In re Romano),* 27 B.R. 36, 38 (Bkrtcy.M.D.Fla. 1983) (citations omitted), and conclude, based on the facts here, that Dutra's debt is nondischargeable.

■ The debtor also contends, however, that his former wife has already paid the $3000 in question to Kirshenbaum, and that whether it is considered alimony or not, no debt remains to be paid by him. Kirshenbaum responds that his total charges in this Family Court proceeding substantially exceed $10,000, and that approximately $5,000 still remains unpaid. Mr. Dutra stresses the fact that his former wife paid $3000 to Kirshenbaum after the Family Court ordered him to pay $3000 on account of his wife's counsel fees. Allen Kirshenbaum testified, however, that he also received payments from Mrs. Dutra of $1800, $700, $1000, and $2000 at various times. The debtor has failed to present any evidence to support the contention that the $3000 payment by Mrs. Dutra was on account of or earmarked as payment of Manuel Dutra's court-ordered debt, and Allen Kirshenbaum's testimony that more than $5000 of Mrs. Dutra's legal bill remains unpaid has not been contradicted. In the absence of evidence that Mrs. Dutra's $3000 payment to Kirshenbaum was in response to and in satisfaction of the specific $3000 that the debtor was ordered to pay Kirshenbaum, the Court finds that Manuel Dutra's obligation to pay the court-ordered counsel fee in question remains in effect.

Kirshenbaum also contends in this connection that his retainer agreement with Mrs. Dutra provides that any counsel fees which the court might order her husband to pay would not be credited toward the balance she owed Kirshenbaum. Although we decide on other grounds that the court-ordered $3000 counsel fee has not been paid, and that this debt is not dischargeable, this argument by Mr. Kirshenbaum, and the written agreement on which it is based, require comment.

Mary Dutra, then the debtor's wife, executed a "Retainer Agreement" on a form prepared by Kirshenbaum which includes the following paragraph:

> (Applicable to wives only) I also agree that you may retain for yourself such sums of money as my husband shall be ordered by the Court to pay as counsel fees, and that such sums are not and will not be a credit towards any balance I may have with you.

Allen Kirshenbaum testified that his law office regularly uses this provision, and that he believes he has no legal obligation to refrain from billing the wife or to credit her balance, when he receives a court-ordered fee from the husband.

Although Mary Dutra is not a party to this proceeding, the Court *sua sponte* questions whether this provision is unconscionable, and therefore unenforceable. While the agreement in question is not a sales contract,[1] the Uniform Commercial Code provisions governing unconscionability are widely quoted, and are helpful in the resolution of such issues generally. As adopted in Rhode Island, R.I.Gen.Laws § 6A–2–302(1) provides as follows:

> If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the

---

1. A "contract for sale" as defined in Article 2 of the Uniform Commercial Code "includes both a present sale of goods and a contract to sell goods at a future time." R.I.Gen.Laws § 6A–2–106(1).

unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

The U.C.C. Official Comments to this section have also been adopted in Rhode Island, and Comment 1 provides in part as follows:

This section is intended to make it possible for the courts to police explicitly against the contracts or clauses which they find to be unconscionable. In the past such policing has been accomplished by adverse construction of language, by manipulation of the rules of offer and acceptance or by determinations that the clause is contrary to public policy or to the dominant purpose of the contract. This section is intended to allow the court to pass directly on the unconscionability of the contract or particular clause therein and to make a conclusion of law as to its unconscionability. The basic test is whether, in the light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract.

Another test of unconscionability "involves the question of whether the provision amounts to the taking of an unfair advantage by one party over the other." *Tulowitzki v. Atlantic Richfield Co.,* 396 A.2d 956, 960 (Del.1978), quoting *J.A. Jones Construction Co. v. City of Dover,* 372 A.2d 540, 552 (Del.Super.Ct.1977), *appeal dismissed,* 377 A.2d 1 (Del.1977).

■ It appears to the Court that in the circumstances of this case, in which Manuel Dutra's court-ordered debt to Kirshenbaum has been determined to be nondischargeable, it would be unconscionable for Kirshenbaum to collect that same debt from Mary Dutra. We disapprove of the standard inclusion of this provision in retainer agreements in divorce actions where the agreement is silent with respect to adjustment, and where, as is commonly the case in Family Court proceedings, one spouse is ordered to pay a portion of the other's counsel fees. In the view of this Court, reasonableness should be the determinative factor in arriving at counsel fees, rather than rigid retainer agreements that are likely to result in financial windfalls.

We do not attempt to void the provision in question, because Mary Dutra is not before this Court, and because the issue of whether that provision is unconscionable has not been raised by any party. Neither is the question of the reasonableness [2] of Kirshenbaum's fees for services rendered to Mary Dutra before this Court.

The joint pre-trial order states that Kirshenbaum "has instituted a District Court action against ... Mary I. Dutra." If that action is still pending, the District Court appears to be the appropriate forum to determine whether, in the circumstances of this case, strict application of the provision of the Retainer Agreement in question would result in a windfall or other injustice. In the alternative, the Family Court, which ordered Manuel Dutra to pay a $3000 counsel fee to Kirshenbaum, may wish to consider the issue of how much Mary Dutra still owes Mr. Kirshenbaum. In any event, notwithstanding this Court's lack of standing to deal with the item, we feel compelled to comment upon it.

Regardless of what action the parties may take in other courts, Manuel Dutra's $3000 debt to Allen M. Kirshenbaum Law Offices is nondischargeable.

Enter judgment accordingly.

---

**2.** We express no opinion as to the reasonableness of Mr. Kirshenbaum's fees in this matter, and recognize that they may be eminently fair in the circumstances. The Court's concern here is that the standard language in question leaves much room for the possibility of overreaching.