**In the Matter of James Jackson SCARBOROUGH.**

**Bankruptcy No. 8401708JC.**

United States Bankruptcy Court,
S.D. Mississippi,
Jackson Division.

Feb. 25, 1985.

Robert R. Marshall, Jackson, Miss., for James Jackson Scarborough.

Nancy J. Beck, Jackson, Miss., for Sonya B. Scarborough.

## ORDER

BARNEY E. EATON, III, Bankruptcy Judge.

This day this cause having come on Motion for the Lifting of an Automatic Stay and Objection to Inclusion of Child Support Arrearages in Chapter 13 Plan and Other Relief of Sonya B. Scarborough, and the Court having considered same and being fully advised in the premises is of the opinion that said Motion is well taken and should be sustained.

It is further found by this Court that the Debtor's plan has failed to meet the good faith requirement of 11 U.S.C.A. § 1325(a). It is clear from the petition filed by this Debtor that the primary, if not sole, purpose of this bankruptcy proceeding is to nullify the Chancery Court judgment which found the Debtor in arrears of $3,800 for back child support and for which a garnishment has been issued. See *In Re Crisco*, 9 B.R. 528 (1980).

Allowing the Debtor to pay only $63.33 per month over five years rather than the seven months it would take under the garnishment would deprive the dependent children of support and maintenance due them from their father. This Court refuses to be used as an instrument to perform inequity.

In *Wetmore v. Markoe*, 196 U.S. 68, 26 S.Ct. 172, 49 L.Ed. 390 (1904) the Supreme Court stated:

"The bankruptcy law should receive such an interpretation which will effectuate its beneficent purposes, and not make it an instrument to deprive dependent wife and children of support and maintenance due them from the husband and father, which it has been the purpose to enforce. Systems of bankruptcy are designed to relieve the honest debtor from the weight of indebtedness which has become oppressive, and to permit him to have a fresh start in business or commercial life, freed from the obligations and responsibilities which may have resulted from business misfortunes. Unless positively required by direct enactment the courts should not presume a design upon the part of Congress, in relieving the unfortunate debtor, to make the law a means of avoiding enforcement of the obligation, moral or legal, devolved upon the husband to support his wife and to maintain and educate his children."

IT IS HEREBY ORDERED that Sonya Scarborough's Motion for the Lifting of the Automatic Stay is well taken and said stay is hereby removed. Movant will be allowed to file her Motion to Find Defendant in

**2**

Contempt in the proper court in order to obtain back child support arrearages.

AND FURTHER, Movant's objection to the Defendant's inclusion of back child support arrearages in his Chapter 13 plan is sustained and the automatic stay will be lifted as to the garnishment filed against him on behalf of the Movant.

In the event of appeal, the Court shall enter separate findings of fact and conclusions of law.