**In the Matter of Michael Edwin HECK, Debtor.**

**Joann Lee HECK, Plaintiff,**

**v.**

**Michael Edwin HECK, Defendant.**

**Bankruptcy No. 3–83–00793.**
**Adv. No. 3–83–0407.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Oct. 3, 1985.

H. Marvin Felman, Dayton, Ohio, for debtor.

Eugene A. Jablinski, Dayton, Ohio, Trustee

Thomas B. Talbot, Jr., Dayton, Ohio, for plaintiff.

## DECISION AND ORDER

WILLIAM A. CLARK, Bankruptcy Judge.

This cause came before the court as an adversary proceeding to determine the dischargeability of certain debts owed by the debtor. The parties have filed pleadings,

memoranda, and exhibits. At the evidentiary hearing counsel for the defendant moved for summary judgment. The motion is hereby overruled as being untimely made pursuant to FED.R.CIV.P. 56.

## FACTS

The Court makes the following findings of fact:

1. Plaintiff-Creditor, Joann Lee Heck, and Defendant-Debtor, Michael Edwin Heck, were married in 1978 and had one child born as issue of the marriage, Andrew Michael Heck, born January 23, 1979.

2. Following the birth of Andrew generous gifts of money were made by relatives and friends in celebration of the birth of the child. Nearly $500.00 of these gifts were placed in a new bank account designated Michael F. Heck in trust for Andrew M. Heck, with the husband acting as "trustee" or custodian. A few months later a social security number was obtained for Andrew and used as the tax identifying number on the bank account.

3. On March 20, 1979 to obtain higher interest rates, debtor opened a separate credit union joint account which was designated "Andrew M. & Michael Heck." The credit union account was called the "trust" account by plaintiff and defendant during its existence and the funds of the bank account were transferred to it. Large sums of money were received from plaintiff's parents and deposited to the account, which grew to $7200 by September 1979.

The parties consciously segregated this money contemplating it would be used for Andrew as needed for private or parochial education, orthodontia, or unusual expenses connected with the rearing of the child.

4. Defendant made all the withdrawals from the account. Some withdrawals had the tacit or express consent of plaintiff. Defendant used the money for the expenses of a family vacation to New England, a video cassette recorder costing about $1,000 and for other living expenses for the family. Most of the withdrawals made by defendant were without the knowledge of the plaintiff.

Plaintiff and defendant had a difference of opinion as to the use of the account in question, the wife desiring to leave the account untouched and the husband feeling the need to use the account for extra living expenses when their joint salaries were insufficient for desired living expenses.

5. Defendant sued plaintiff for divorce which resulted in a final judgment of divorce after a negotiation on October 13, 1982. The final judgment of divorce, although in the form of a Court Order, was in fact an agreed settlement.

The final judgment of divorce contained the following terms pertinent to this case:

C. Child Support

MICHAEL EDWIN HECK shall pay child support in the amount of Ninety Dollars ($90.00) per week (directly to by JOANN L. HECK). JOANN L. HECK is responsible for prescription and ordinary medical expenses such as normal office visits. Extraordinary medical and medically related expenses for ANDREW shall be the equal responsibility of both parents. Said extraordinary expenses are defined as arising from any single incident or illness above One Hundred Dollars ($100.00) each.

JOANN L. HECK waives child support arrears, as of today, if any exist.

D. EQUITABLE DISTRIBUTION

Michael Edwin Heck owes Joann L. Heck a balance of Ten Thousand Six Hundred Fifty Dollars ($10,650.00) as and for a settlement of all assets subject to equitable distribution.

If his pension is released by virtue of his not returning to work for the government, the entire balance owed to Joann L. Heck shall be paid directly from the Pension Fund to her.

If the Pension Fund is not released, Michael Edwin Heck shall satisfy his obligation in sixty (60) consecutive monthly installment payments of Two Hundred Thirty Seven Dollars ($237.00) each, first payment to be made on November 1st, 1982. Said amount includes twelve per

cent (12%) interest on the principal amount of Ten Thousand Six Hundred Fifty Dollars ($10,650.00).

Joann L. Heck acknowledges that she owes her attorney, Arlene Gilbert Groch, Esq., a balance of Two Thousand Three Hundred Seventy Dollars ($2,370.00) for her legal fees. That amount shall be paid by Michael Edwin Heck directly to Arlene Gilbert Groch, Esq., either in a lump sum if the Pension Fund is released, or, if not, by making the first ten (10) payments on equitable distribution directly to Arlene Gilbert Groch, Esq.. Michael Edwin Heck shall receive a full credit for those payments to Arlene Gilbert Groch, Esq. against his total obligation of Ten Thousand Six Hundred Fifty Dollars ($10,650.00).

Joann L. Heck, upon receipt of payments to her, will set up a trust fund for Andrew's benefit with herself as Trustee. She shall pay one-half (½) of each equitable distribution payment from MICHAEL EDWIN HECK into the trust fund up to the total of Five Thousand Dollars ($5,000.00). She shall make the bank records of that trust fund available to MICHAEL EDWIN HECK at his written request.

6. Defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code on April 7, 1983.

7. Plaintiff timely filed a proof of claim and an adversary complaint to determine the dischargeability of her $10,650 claim arising from the terms of the final judgment for divorce.

Plaintiff asserts that the debt owed to her is nondischargeable in bankruptcy. Defendant filed a Motion to Dismiss which was overruled by this court and subsequently filed an answer requesting that the court render judgment in his favor, alledging in essence that the debt to plaintiff was not for maintenance and support of the spouse or child. At the hearing the parties stipulated that the payments required of debtor in Article C of the final judgment and decree are payments for support and are nondischargeable under 11 U.S.C. § 523(a)(5).

## ISSUE

The issue for determination in this case is whether the terms of Article D of the final judgment of divorce created a debt which constitutes nondischargeable alimony, maintenance or support under § 523 of the Bankruptcy Code.

## LAW

11 U.S.C. § 523 states in part as follows:
(a) A discharge under § 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt ...

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support ...

The amount of the claim in question of $10,650.00 ordered paid by the debtor in lump sum to plaintiff Joann L. Heck or by monthly installment payments of $237.00 each including 12% interest included (1) the attorney fee of the wife of $2,370.00, (2) the sum of $5,000 to establish a trust fund for the child and (3) the balance being undesignated and by implication for the benefit of the wife.

1.

■ Considering first that portion of the agreed sum of $10,650.00 provided to be paid for plaintiff's attorney fees in the amount of $2,370.00, the majority view holds that the award of attorney fees pursuant to a divorce decree is in the nature of alimony and is nondischargeable under 11 U.S.C. § 523(a)(5). *In re Brace*, 13 B.R. 551 (Bkrtcy.N.D. Ohio 1981); *In re Conrad*, 33 B.R. 601 (Bkrtcy.N.D. Ohio 1983);

*In re Dutra,* 33 B.R. 773, B.L.R. (CCH) ¶ 69,442 (Bkrtcy.R.I.1983); *In re Kloss,* 29 B.R. 720, B.L.R. (CCH) ¶ 69,188 (Bkrtcy.M. D.Pa.1983).

It is well recognized that a bankruptcy court is not required to accept the labels within a divorce decree which catagorize particular obligations as either alimony or property settlement arrangements. *In re Conrad,* supra; *Matter of Tope,* 7 B.R. 422 (Bkrtcy.S.D. Ohio 1980); *Williams v. Williams,* 703 F.2d 1055 (8th Cir.1983).

As to the payment of attorney fees of the former spouse, it is clear that such payment by the debtor contributes to the support of the former spouse by freeing funds for necessary support. At the hearing debtor testified he was making about $26,000.00 per year, although the transcript of recorded proceedings indicated he was not working but expected to be returned to work within six weeks or by Thanksgiving of 1982. Debtor had the ability to pay the obligation which he assumed by the separation agreement contained in the final judgment and decree of divorce. The fact that debtor agreed to make the payments monthly indicates his intent that this payment would contribute to his former wife's support. The record lacks evidence as to the nature or amount of any earnings by the former wife. Consideration of these factors indicates the intent of the parties to provide support through the payment of the attorney fee of the former wife. The provision for the payment of $2,370 is a nondischargeable debt.

### 2.

As to the $5,000 agreed to be paid to the former wife to establish a trust fund, the parties intended to replace with $5,000 the funds which debtor had depleted by withdrawals from the trust account for the son. The actions of debtor in withdrawing the funds from the trust account is a classic example of defalcation by a fiduciary. The parties spoke of the account as a "trust account", the original account was labeled "in trust for", and the social security number of the son was used as the tax identification number for the account. These facts are sufficient to establish that the money was regarded as belonging to the son. The parties by their understanding and actions created an express trust. Therefore, Debtor became a fiduciary by his acceptance of the custodialship of the funds for the benefit of his son. The periodic withdrawals for a family New England vacation, a video cassette recorder, and for other family living expenses demonstrate the defalcation by debtor. The parties agreement to create a replacement fund continues the original purpose of providing the means for the son's educational opportunities, orthodontia, and other benefits while the son grows to adulthood. For these reasons the fund was intended by the parties to provide support for the son. On each ground, the creation of a trust and the support provisions, this debt of $5,000 is nondischargeable under the provisions of § 523(a)(5).

### 3.

Finally, we consider the balance of the $10,650 debt contained in Paragraph D of the Final Judgment of Divorce labeled Equitable Distribution.

The Transcript of Recorded Proceedings, on page 3 recites the stipulation that an asset of debtor, his Federal Pension Account of "close to the $10,650 figure," was to be divided by debtor paying to plaintiff herein the lump sum or, if debtor continued in Federal employment, such sum over a five year period at year period at $237.00 per month. The intention of the parties was the division of debtor's pension, being the only asset for distribution. This debt is founded on the estimated value of the pension without regard to what necessities would be required by the former spouse and child for daily needs. Debtor and his former spouse had considered the child's daily needs in the agreement to pay $90.00 per week as support, and to share extraordinary medical expenses. The former wife was supporting herself as a teacher in Absecon, New Jersey, which may account for no agreement to pay weekly alimony or support for the wife.

These factors show a lack of intention to create a support obligation for the wife in the remainder of the $10,650 obligation.

In summary, the Court finds nondischargeable the $2370 debt for the payment of the attorney fees of the former spouse as being in the nature of alimony to her. Also nondischargeable is the $5000 debt for the replacement of the trust fund diminished by the debtor while acting in a fiduciary capacity to be used as additional support of the growing son.

The balance of the sum agreed to be paid by debtor was not intended as alimony or support but rather a division of the pension and, therefore, is dischargeable in bankruptcy. Also nondischargeable is the provision for interest at twelve per cent on installment payments of the aforesaid nondischargeable debts from the date of the Final Judgment of Divorce.

IT IS SO ORDERED.