**In re Robert D. FENIMORE, Debtor.**

**Francine R. SOLOMON, Plaintiff,**

v.

**Robert D. FENIMORE, Defendant.**

**Bankruptcy No. 90–00516 JKF. Adv. No. 91–0110.**

United States Bankruptcy Court, D. Delaware.

June 23, 1992.

Patrick Scanlon, Dover, Del., for debtor.

Henry A. Heiman, Wilmington, Del., for Francine R. Solomon.

Thomas E. Ross, Philadelphia, Pa., U.S. Trustee.

## MEMORANDUM OPINION

JUDITH K. FITZGERALD, Bankruptcy Judge.

This adversary proceeding is before the court pursuant to the complaint filed by Francine R. Solomon, Esquire, to have an award of attorney's fees declared nondischargeable. Solomon represented Mary R. Fenimore (hereafter Wife), Debtor's former wife, in the couple's divorce and ancillary proceedings in the Family Court of Delaware in and for New Castle County. Counsel fees were awarded because of Debtor's excessively litigious conduct, which caused Wife to incur $61,345.47 in attorney's fees. Of this, the Family Court ordered Debtor to pay $55,000.00 directly to Attorney Solomon.

Solomon contends, pursuant to 11 U.S.C. § 523(a)(5), that the award of attorney's fees was in the nature of support and therefore is nondischargeable. Debtor argues that the fees were issued as a penalty and/or as part of a property division but not for support. Therefore, Debtor contends, the fees represent a dischargeable debt.

### I. Facts

Debtor and Wife were married from October 19, 1961, until October 14, 1986, although they separated for several years throughout the marriage. In 1990, pursuant to Wife's petition, the Family Court ordered a property division and denied alimony. In its opinion, the Family Court explained that its denial of alimony was required by Delaware law based on its finding that Wife was not dependent. Its finding of nondependency was based on two primary factors: (1) its finding that Wife

was somewhat underemployed, and (2) its ruling that the property award was "in lieu of alimony" and, as fashioned by the Family Court, would serve to make up the shortfall between Wife's income and her expenses if it was invested properly.

At the time of the Family Court award on June 20, 1990,[1] Wife was employed as a bookkeeper by the Delaware Turnpike Authority where her salary was approximately $18,600.00 per year. Movant's Exhibit 2, *Fenimore v. Fenimore*, No. 1447–86, slip op. at 2 (Del.Fam.Ct., June 20, 1990) (hereafter "Movant's Exhibit 2".) Through her employment she had a pension, health and dental insurance, and vacation and sick days. Her income did not pay all of her living expenses and debt service. The Family Court found that she was underemployed and that with her past experience as a legal secretary and an office manager of a law firm she could earn between $25,-000.00 and $30,000.00 per year.

As he was at the time of the ancillary proceedings, Debtor is self-employed and owns one-third of B & F Towing and Salvage, Inc., a company with assets worth more than one million dollars. Debtor is in business with two of his brothers and, according to his tax returns, earned approximately $24,000.00 or $25,000.00 per year for several years prior to the Family Court proceedings. Movant's Exhibit 2 at 4, 19. What now is evident from the record before this court concerning Debtor's ownership of the company and income was not readily apparent during the state court proceedings. The Family Court found that Debtor exhibited excessively litigious conduct in blocking Wife's discovery proceedings in preparing her case, which discovery was intended to identify and value Debtor's share of the business. That court also observed that Debtor took no affirmative

steps to value the corporation and that he and his brothers, who also were involved with the business, refused to produce necessary documents.[2] The court stated:

> Rather than produce the relevant information, [Debtor's] brothers spent two years litigating this issue as if the entire gross national product were at stake. While [Debtor] claims that he had no control over his brothers' actions, I simply do not credit this statement.

Movant's Exhibit 2 at 15.

The Family Court specified that Debtor made "extraordinary efforts" to prevent Wife's access to the business records. *Id.* at 40. Furthermore, Debtor failed to reveal other assets until he was deposed. *Id.* at 41–42. He sought a protective order that the Family Court found to be an attempt to obstruct the discovery process. *Id.* at 38–39. Debtor's conduct caused Wife to incur sizeable attorney's fees, most of which otherwise would not have been necessary. Of the total attorney fees of $61,000.00 incurred by Wife, Debtor was ordered to pay $55,000.00 directly to her attorney, Francine R. Solomon.

Twenty-three days after the Family Court award, Debtor filed a Chapter 7 petition and listed the debt to Solomon as an unsecured claim in a "domestic case" and the debt to Wife as an unsecured claim, the consideration for which was "[c]ourt awarded property division."[3] *See* Schedule A–3. Solomon asserts that her fee claim is nondischargeable as being "in connection with the divorce decree." *See* Complaint to Determine Dischargeability at ¶ 7; 11 U.S.C. § 523(a)(5). Debtor contends that the fee award was in the nature of a sanction for his conduct and/or a part of a property division and, therefore, is dischargeable. We note that the only issue before us concerns the dischargeability of

---

1. Debtor filed bankruptcy on or about July 13, 1990, just 23 days after the Family Court's decision of June 20, 1990.

2. There was evidence that Debtor and his brother spent $60,000.00 in their efforts to thwart Wife's discovery efforts in the divorce action. Movant's Exhibit 2 at 6. Discovery proceedings in the divorce case revealed that Debtor had $7,200.00 in his checking account. *Id.* at 22.

3. The Family Court divided the net marital estate equally between Debtor and Wife except that Wife's pension would be subject to division "if, as, and when" received. Movant's Exhibit 2 at 26. The Family Court also awarded Wife 40% of Debtor's one-third interest in the towing business payable in equal installments over four years at 8% interest. *Id.* at 26–27.

an attorney fee award, and not the dischargeability of Debtor's underlying obligation to Wife. For the reasons which follow, we find that the attorney's fees were incurred in the acquisition of an order of alimony, support or maintenance and that the fees themselves are actually in the nature of alimony, support or maintenance. Therefore, the fees are nondischargeable pursuant to 11 U.S.C. § 523(a)(5).

## II. Discussion

The Family Court held that under Delaware law, based upon Wife's underemployment and the award of property in lieu of alimony, she was not dependent upon Debtor and therefore not in need of alimony.[4]

The trend in the law is to find attorney fees nondischargeable if they are related to the acquisition of maintenance, alimony or support. See, generally, In re Spong, 661 F.2d 6, 8–9 (2d Cir.1981). Thus, in order to determine the nondischargeability of the fee, we must examine the character of the underlying Family Court award. The record before us establishes that the Family Court's award of property was intended to and did provide for Wife's actual maintenance and support. The Family Court stated that the property division (which included, inter alia, a stream of cash to be paid to Wife over four years as her 40% share of Debtor's one-third interest in his businesses) was in lieu of alimony and, if the funds were invested properly, Wife could make up for any shortfall in her income needs even if she retained her job with the Delaware Turnpike Authority. Movant's Exhibit 2 at 21, 30. Thus, the finding of nondependency was predicated on the Family Court's assumption that once Debtor complied with the property division order, Wife would have sufficient assets to meet her needs and would not require the future income stream which alimony would represent.[5] At the time of the proceedings before us, Debtor had not turned over the property to Wife as ordered by the Family Court. Rather, Debtor attempts to discharge that obligation through this bankruptcy, leaving Wife in the very position of dependency which the Family Court sought to alleviate by ordering a property division in lieu of alimony. The Family Court acknowledged that if Debtor's obligations pursuant to the property award were discharged in bankruptcy, Wife's ability to meet her needs "might then be altered." Movant's Exhibit 2 at 35.

When faced with an issue of dischargeability of an award pursuant to dissolution of a marriage, the bankruptcy court must decide whether it is actually in the nature of alimony, support or maintenance regardless of whether the state court or the parties label it as such or as a property division. In re Gianakas, 917 F.2d 759, 762 (3d Cir.1990). We also must bear in mind that "property division often achieves the same goal as alimony, i.e., support." 917 F.2d at 763, quoting Buccino v. Buccino, 397 Pa.Super. 241, 580 A.2d 13, 18–19 (1990). This determination is a matter of federal, not state, law. Id. See also In re Yauger, 130 B.R. 25, 26 (Bankr. W.D.Pa.1991). In order to determine the nature of the award the Court of Appeals for the Third Circuit established a three-part test in In re Gianakas, supra. The test requires that, first, the bankruptcy court must examine the language and substance of the agreement or order in the context of the circumstances at the time of execution using extrinsic evidence if necessary. Second, the court must look at the parties' financial circumstances at the time of the award. Finally, the court must look to the function being served by the obli-

---

4. The statutory basis for an award of alimony in Delaware is found at 13 Del.C. § 1512. That section has been amended since the divorce decree in 1986. As it was in effect in 1986, the statute provided that the court could grant alimony to a "dependent party" defined in § 1512(b) by a consideration of § 1512(c) factors.

5. The Family Court also considered the fact that Debtor and Wife had similar job skills, education, and earning capacities. However, in determining whether the matter at issue serves the function of alimony, support or maintenance, we are required to examine the parties' circumstances at the time of the Family Court award. See discussion of In re Gianakas, 917 F.2d 759 (3d Cir.1990), infra.

gation at the time it was created. 917 F.2d at 762–63.

█ Considering these factors, we find that while the underlying award is called a property division by the Family Court, it performs the function of providing support for Wife despite the Family Court's finding that she was not dependent for purposes of determining whether to award alimony under former Delaware statutes. The Family Court so held, in part, because Wife was employed and the parties had lived apart for at least seven years of their twenty-five year marriage.[6] The court determined that although Wife was underemployed, she did not enjoy the same ability as Debtor to accumulate assets in the future based on the sources of their income. Therefore, the Family Court found that the property award would enable Wife to pay her debts [7] or supplement her income inasmuch as her earnings were insufficient to meet her needs. Movant's Exhibit 2 at 21, 30.

The Family Court also noted that if Debtor filed for bankruptcy and Wife thereby was deprived of the property, she would suffer "increased dependency." *Id.* at 33. Therefore, the Family Court clearly intended that its award function as alimony, support or maintenance, and the language of its opinion indicates that the property division was intended to provide Wife with the means of support and maintenance.

The Family Court also based its finding of nondependency on the fact that Wife could earn more in a different job. The fact was, however, that Wife was not employed in a better paying job at the time of the award. Furthermore, during the separation, Wife and children lived in a house on which Debtor had put the down payment and made the mortgage payments. Moreover, Wife's monthly expenses exceeded her monthly gross income. *See* Movant's Exhibit 2 at 19–20. We are required to examine the circumstances at the time of the state proceedings or the parties' agreement, without regard to later events. *In*

*re Gianakas,* 917 F.2d at 763. The parties' financial circumstances at that time militate for a finding that Wife had some need for support at the time of the Family Court award. Whereas Wife's financial circumstances, including the property division, may have precluded an ongoing award of alimony under the Delaware statutes, the award as granted actually served to assist in Wife's support and maintenance as a matter of federal law.

Based upon the findings above, we conclude that the property division was actually in the nature of alimony, support or maintenance. The fees were incurred by Wife in pursuing the award and therefore are so closely connected with it as to be in the nature of support or alimony. *See Matter of Heck,* 53 B.R. 402, 404 (Bankr. S.D.Oh.1985); *In re Kloss,* 29 B.R. 720, 721 (Bankr.M.D.Pa.1983). *Cf. In re Pollock,* 90 B.R. 747, 759 (Bankr.E.D.Pa.1988) (although fees could be nondischargeable, here insufficient evidence that attorney's fees were "so intimately connected with the original order that they should be considered in the nature of ... support"). Based on the foregoing, the fee award is nondischargeable.

█ In addition, we conclude that the Debtor's obligation to pay $55,000.00 of the attorney fee, in and of itself, is in the nature of support and therefore is nondischargeable even if the underlying award to Wife were found to be purely a property settlement without serving to provide support or maintenance. The Family Court ordered the attorney fees in a separate section of the award, not with the portions related to the property division. The Family Court's opinion is silent as to how the court intended to construe the grant of the fees. However, we note that the total amount of fees Wife incurred was more than three times her annual salary at the time of the Family Court proceedings and would be more than twice the maximum

---

6. The parties separated for several years in the 1970s and later reconciled. The final separation occurred in 1986. Movant's Exhibit 2 at 8.

7. Wife's debts, excluding living expenses, totalled approximately $19,000.00. Movant's Exhibit 2 at 2.

that the Family Court found she could earn if she changed jobs.

■ Furthermore, Debtor's deliberate obstruction of state court discovery proceedings was the direct and primary cause of the vast portion of Wife's attorney's fees.[8] The Family Court noted that her "enormous costs" were necessitated by Debtor's conduct which caused "excessive litigation [that] was truly senseless, unreasonable and unnecessary." Movant's Exhibit 2 at 45. Furthermore, Delaware law permits an award of counsel fees to a "financially disadvantaged spouse" to equalize the parties' ability to properly litigate divorce proceedings. *See* Movant's Exhibit 2 at 36, citing 13 Del.C. § 1515. Wife incurred the fees to assure the proper litigation of her case in the face of Debtor's recalcitrant conduct. Based on the parties' financial circumstances and relative abilities to accumulate assets or to increase earnings at the time of the Family Court decision, the fee award was in the nature of support. Wife's earnings at the time were insufficient to meet her needs and the property division was necessary, inter alia, to enable her to pay her debts. *See* Movant's Exhibit 2 at 30–31. The effect of the property award would be nullified if Wife were to be responsible for the immense fees extant in this case. We therefore find that the fee award is in the nature of support and is nondischargeable.

An appropriate Order will be entered.

### JUDGMENT ORDER

And now, to-wit, this 23 day of June, 1992, for the reasons set forth in the foregoing Memorandum Opinion, it is ORDERED, ADJUDGED AND DECREED that Judgment is rendered on the Complaint in favor of Plaintiff Francine R. Solomon and against Debtor/Defendant, Robert D. Fenimore. Debtor remains responsible for payment of the $55,000.00 in attorney's fees awarded by the Family Court of Delaware in and for New Castle County together with interest and costs, which are

nondischargeable as actually in the nature of alimony, maintenance or support.

---

**8.** The total fees were over $61,000.00 and the Family Court required that Debtor pay to Attorney Solomon $55,000.00 of that amount.