**WIFE M, Defendant below, Appellant,**

v.

**HUSBAND M, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Argued Sept. 10, 1975.

Decided Oct. 3, 1975.

John T. Gallagher, Morris, Nichols, Arsht & Tunnell, Wilmington, for defendant below, appellant.

Carl A. Agostini, Roeberg & Agostini, Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

DUFFY, Justice:

In this divorce action defendant appeals from a Superior Court order denying her motion to dismiss the complaint. The motion was based on the ground that the Court had not acquired jurisdiction over defendant under 13 Del.C. § 1508 because the residence requirements for jurisdiction, 13 Del.C. § 1504(a), had not been met.[1] Plaintiff has moved to dismiss the appeal, arguing that the order below was interlocutory and not appealable. We agree.

Under Article IV, § 11(1)(a) of the Delaware Constitution this Court has jurisdiction "to determine finally all matters of appeal in the interlocutory . . . judgments" of the Superior Court in civil causes; but, under settled case law, that

---

13. Del.C. § 1504(a) provides:
   "The Superior Court of the State has jurisdiction over all actions for divorce and annulment of marriage where either petitioner or respondent, at the time the action was commenced, actually resided in this State, or was stationed in this State as a member of the armed services of the United States, continuously for 3 or more months immediately preceding the commencement of the action."

jurisdiction may be invoked only when that Court has determined a substantial issue in the cause and established legal rights between the parties. We emphasize that the requirements for jurisdiction are stated in the conjunctive; both are essential, neither standing alone is sufficient to support an appeal. *Pepsico, Inc. v. Pepsi-Cola Bottling Co. of Asbury Park,* Del.Supr., 261 A.2d 520 (1969); *Nadler v. Bohen,* Del. Supr., 238 A.2d 836 (1968).

Here, the Superior Court agreed with defendant's argument that the statutory phrase, "actually resided," in § 1504(a) means "domiciled" and there is no challenge to that determination. But the Court declined to decide the fact question as to whether plaintiff is domiciled in Delaware, saying that is an issue which "will be resolved by the Court at trial."

▊ In construing the divorce statute the Superior Court did determine a substantial issue in the cause and thus one of the twin jurisdictional requirements for review has been met. But the Court did not establish legal rights between the parties under the statute. Simply stated, the Court declined to consider the facts until trial, a practice permitted under Superior Court Rule 12(d) and which is essential to control of its calendar and the processing

of a specified case.[2] In view of that postponement, legal rights between the parties were not established.

Defendant mistakenly relies upon *Du Pont v. Du Pont,* 7 Terry 280, Del.Supr., 82 A.2d 376 (1951), the landmark case which determined that the Court of Chancery had jurisdiction to award separate maintenance. In *Du Pont* the Trial Court held that it had such jurisdiction and thus, between the parties, it determined both a substantial issue (jurisdiction of the Court) and established legal rights (the power of the Court to order the husband to pay maintenance to the wife).[3] Here, however, defendant's appeal is based not on what the Trial Court decided but on what it declined to decide at the time defendant sought a decision.

In sum, defendant had no right to a dispositive decision on the jurisdictional issue at the time she wanted it and she has no right of appeal from the interlocutory order denying her a decision.

We recognize the practical consequences and the hardship which delay of such a decision may impose on defendant but those are not the criteria for appeal under the Constitution.

Motion to dismiss the appeal granted.

2. Rule 12(d) provides:
"(d) Preliminary Hearings. The defenses specifically enumerated (1)–(7) in subdivision (b) of this rule, [including those raising subject matter jurisdiction] whether made in a pleading or by motion, . . . , shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial."

3. The Court of Chancery, by denying a motion to dismiss, had determined that it had "jurisdiction to award support to a wife deserted under the circumstances alleged." 79 A.2d 680 (1951).