GARDINIER, INC., Defendant below, Appellant,

v.

CITIES SERVICE COMPANY, Plaintiff below, Appellee.

Supreme Court of Delaware.

Submitted Dec. 10, 1975.

Decided Dec. 11, 1975.

---

* There is, of course, no duty on a Judge to act on the petition within a specified period.

Richard F. Corroon, James F. Burnett, Potter, Anderson & Corroon, Wilmington, Cravath, Swaine & Moore, New York City, of counsel, for defendant below, appellant.

Edmund N. Carpenter, II, Roderick R. McKelvie, Richards, Layton & Finger, Wilmington, James C. Blair, Cleary, Gottlieb, Steen & Hamilton, New York City, of counsel, for plaintiff below, appellee.

Before DUFFY and McNEILLY, JJ., and QUILLEN, Chancellor.

PER CURIAM:

Gardinier, Inc., the defendant below-appellant, has filed an appeal to this Court from that part of the Superior Court order which denies the motion of Gardinier for summary judgment. See *Cities Service Company v. Gardinier, Inc.,* Del.Super., 344 A.2d 254 (1975). Cities Service Company, the plaintiff below-appellee, has moved to dismiss the appeal. Both sides agree that it is settled law in this state that an interlocutory order is not appealable unless there has been the determination of a substantial issue *and* the establishment of a legal right. *Wife M. v. Husband M.,* Del.Supr., 346 A.2d 521 (1975); *C. v. C.,* Del.Supr., 320 A.2d 717 (1974) and cases appealed from Superior Court cited therein; *Pepsico, Inc. v. Pepsi-Cola Bottling Co. of Asbury Park,* Del.Supr., 261 A.2d 520 (1969); *Nadler v. Bohen,* Del.Supr., 238 A.2d 836 (1968); *duPont v. duPont,* Del.Supr., 32 Del.Ch. 405, 82 A.2d 376 (1951); *Electric Research Products, Inc. v. Vitaphone Corp.,* Del.Supr., 20 Del.Ch. 417, 171 A. 738 (1934).

Basically, the Superior Court, in the portion of the order appealed in this case, found sufficient ambiguity in the written contract to justify the introduction of extrinsic evidence to interpret its provisions. While it may be argued that the question decided is a substantial issue, the question decided did not establish a legal right. To the contrary, the determination of the legal right was deferred and either side may yet be victorious at the trial level in regard to its view of the interpretation of the contract. Indeed, in light of the Cities Service cross motion for summary judgment, also denied, both sides had surviving contentions had the question in issue here been decided the other way. In such a situation, an appeal should not be permitted. *Stirling Drug Co. v. City Bank Farmers Trust Co.,* Del.Supr., 154 A.2d 156 (1959); *Brunswick Corp. v. Bowl-Mor Co., Inc.,* Del.Supr., 297 A.2d 67 (1972).

The appeal is dismissed.