**Carmela BATTAGLIA, Plaintiff below, Appellant,**

v.

**WILMINGTON SAVINGS FUND SOCIE-TY, a Bank Corporation of the State of Delaware, Defendant below, Appellee.**

Supreme Court of Delaware.

Submitted Oct. 14, 1977.

Decided Nov. 7, 1977.

C. Waggaman Berl, Jr., Wilmington, for plaintiff below, appellant.

James M. Tunnell, Jr. and William H. Sudell, Jr. of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendant below, appellee.

Before DUFFY and McNEILLY, JJ., and HARTNETT, Vice Chancellor.

DUFFY, Justice:

This is an appeal from a Superior Court order, entered under Rule 60(b)(1) and (6),[1] opening a judgment entered by default,[2] based upon a finding of inadvertence and excusable neglect.

## I

The facts are relatively few and largely undisputed. It appears that plaintiff became a resident-patient at the Delaware State Hospital in 1949 and remained there until about 1973 when she was placed on an out-patient status. At the time of her admission, pursuant to Hospital policy, plaintiff surrendered her personal effects, including a passbook to a savings account which she had with defendant, Wilmington Savings Fund Society. In May 1973, plaintiff consulted an attorney who sought return of her funds from the Bank; but a dispute arose as to the amount to which she was entitled. It was not settled amicably and this action was filed in October 1975.

Process was served upon house counsel for defendant, but an answer was not filed by the Bank, nor was any appearance entered for it. After waiting several months, plaintiff secured, pursuant to Rule 55(b)(1),[3] a default judgment on March 4, 1976. Thereafter, defendant appeared and filed a motion to open the default judgment. That motion was granted and this appeal followed.

## II

Before considering the merits of the appeal we must first decide defendant's motion to dismiss it. The contention is that the Superior Court order opening the judgment is interlocutory and non-appealable.

■■■ Under well settled Delaware law, an interlocutory order of the Superior Court is not appealable unless it both determined a substantial issue and established a legal

---

1. Superior Court Rule 60(b) provides in pertinent part:

 "*Mistake; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the Court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment."

2. Superior Court Rule 55(c) provides:

 "*Setting Aside Default Judgment.* The Court may set aside a judgment by default in accordance with Rule 60(b)."

3. Superior Court Rule 55(b)(1) provides:

 "(b) *Judgment.* Except as otherwise provided in . . . this Rule, when a party against whom a judgment for affirmative relief is sought, has failed to appear, plead or otherwise defend as provided by these Rules, and that fact is made to appear, judgment by default may be entered as follows:

 (1) *By the Prothonotary.* When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the Prothonotary upon written direction of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has failed to appear in accordance with these Rules . . . .."

right. *Gardinier, Inc. v. Cities Service Co.*, Del.Supr., 349 A.2d 744 (1975); *Wife M v. Husband M*, Del.Supr., 346 A.2d 521 (1975). In our view, those criteria are met in this appeal. We are satisfied that the Trial Court determined a substantial issue (that is, defendant's reason for not appearing amounted to excusable neglect) and it established a legal right between the parties (that is, plaintiff's judgment of some $39,-000 was vacated).

It follows that jurisdiction is established and the motion to dismiss must be denied. We proceed to the merits.

### III

■ We first note that the Superior Court order directing that the default judgment be opened was general and applied to the entire proceeding, including the issue of defendant's liability to plaintiff. But the Bank concedes liability, so an adjudication of that issue is unnecessary. In other words, the Bank agrees that it held a deposit for plaintiff and that she is entitled to the return thereof. The real and only issue between the parties is entirely concerned with how much money is owed. Accordingly, so much of the Superior Court order as directs that the issue of liability be "opened" and "tried" is reversed.

### IV

■ A motion to open a default judgment pursuant to Rule 60(b)(1) and (6) is addressed to the sound discretion of the Trial Court. *Model Finance Company v. Barton*, Del.Super., 188 A.2d 233 (1963); 7 Moore's *Federal Practice* (2d ed.) ¶ 60.19. In determining whether there was an abuse of discretion, we consider two questions. First, did the defaulting party make some showing that, if relief is granted, the outcome of the action may be different from what it will be if the default judgment is permitted to stand? Wright & Miller, *Federal Practice and Procedure*: Civil § 2697. This test has been expressed as a require-

ment that the defaulting party demonstrate a meritorious defense to the underlying action. *Id.* at § 2697; *Medunic v. Lederer*, 3 Cir., 533 F.2d 891, 893 (1976). Second, will substantial prejudice be caused the non-defaulting party by granting the motion? *Wright & Miller*, supra, at § 2699; *Medunic v. Lederer*, supra. And when reviewing an order granting a motion to open a default judgment, we recognize that Rule 60(b) has been accorded a liberal construction because of the underlying policy which favors a trial on the merits to a judgment based on a default. *Robins v. Garvine*, Del.Supr., 37 Del.Ch. 44, 136 A.2d 549, 552 (1975); *Medunic v. Lederer*, supra.

Here, plaintiff contends that the Superior Court erred in ordering that the default judgment be opened because defendant's reasons for failure to answer the complaint or appear amounted to mere forgetfulness, which is not a legally acceptable explanation for inaction. Plaintiff's argument is based upon the affidavit by defendant's counsel that "inadvertently and by mistake" the complaint served on him became mixed with other unrelated papers, as a result of which existence of the complaint completely "slipped" his mind.

■ Under Superior Court Rule 60(b), a default judgment may be opened for "inadvertence, . . . or excusable neglect," or "any other reason justifying relief from the operation of the judgment." Assuming that the neglect to which the Bank admits is not excusable within the meaning of the Rule,[4] that does not end the matter because the record contains additional facts which must be considered as we review the Court's exercise of discretion.

■ Rule 55(b)(1) authorizes a plaintiff to direct the Prothonotary to enter a judgment by default when the claim is for a "sum certain." When the claim is not for such a sum, the Court holds a hearing (an "inquisition at bar") to determine what the amount should be.

---

4. Excusable neglect is that neglect which might have been the act of a reasonably prudent person under the circumstances. *Cohen v. Bran-*

*dywine Raceway Association*, Del.Super., 238 A.2d 320, 325 (1968).

Here, the complaint alleges that "[i]n the latter part of the 1940's or early in 1950, the plaintiff had a savings account in the defendant Bank, having a credit balance of approximately $18,000.00," and that shortly thereafter she was committed to the State Hospital. In her affidavit filed as a basis for the judgment, plaintiff states flatly that "defendant herein is justly indebted to plaintiff in the principal amount of $15,-000.00 with interest at the rate of six percent from March 1, 1949."

Arguably, the specific language of the affidavit may have made plaintiff's claim what it was not in the complaint, that is, a "sum certain." But the Trial Judge avoided any technical argument of plaintiff's right under the Rules to tidy up the claim in this fashion by lifting the judgment and ordering the case to trial. That is, of course, consistent with the customary desire of the Court to decide cases on their merits. *Model Finance Company*, supra; *Cohen v. Brandywine Raceway Association*, supra.

The conflict in the amount of the claim as stated in the complaint and the affidavit, respectively, the absence of supporting documentation of any kind and the passage of approximately twenty-five years while plaintiff was hospitalized and the account was allegedly inactive, were all before the Trial Judge when he considered the motion to open the judgment. And so was the Bank's affidavit stating that, according to its records, the balance due plaintiff was approximately $1,337.86. Given these facts, we conclude that the required criteria, *Medunic v. Lederer*, supra, *Wright & Miller*, supra, have been met and that the Trial Judge did not abuse his discretion in ordering that the judgment be opened and that the parties go to trial on the issue of the amount due.

V

■ Although we find no abuse of discretion by the Superior Court in its decision to open the judgment on the issue of the amount owed, we do not mean thereby to disregard any loss which its default may have caused plaintiff. As to this, Superior Court Rule 60(b) provides, *inter alia*, that in relieving a party from a judgment, the Court may do so "upon such terms as are just." Thus, in granting a motion to open a default judgment, the Court has the power to protect the rights of the judgment holder by imposing such terms as justice requires to avoid prejudice or loss occasioned by inaction of a defendant. *Robins v. Garvine*, supra; *Wokan v. Alladin International, Inc.*, 3 Cir., 485 F.2d 1232, 1234–35 (1973); 3 *A.L.R.Fed.* 956, 958–59.

■ Given defendant's neglect in answering or appearing, which the Bank concedes, we are satisfied that the case calls for the imposition of "terms" under the Rule. For this reason the remand will include a direction to the Trial Court to award to plaintiff counsel fees, court costs and any other expenses, including those incurred by this appeal, to which the Court, in its discretion, deems her entitled, as a result of defendant's failure to act before the default judgment was taken.

\* \* \*

The motion to dismiss the appeal will be denied. On the merits, the appeal is affirmed in part, reversed in part and remanded for proceedings consistent herewith.