IN THE SUPREME COURT OF THE STATE OF DELAWARE

CARL BAILEY and PENELOPE BAILEY, §
§ No. 262,2016
Defendants Below- §
Appellants, §
§
v. §
§ Court Below—Superior Court
THE BANK OF NEW YORK MELLON § of the State of Delaware
f/k/a THE BANK OF NEW YORK as §
Successor Trustee to JPMORGAN CHASE § C.A. No. N10L-01-269
BANK, N.A., as Trustee for the §
Noteholders of the CWHEQ REVOLVING §
HOME EQUITY LOAN TRUST SERIES §
2005-L, §
§
Plaintiff Below- §
Appellee. §

Submitted: September 23, 2016
Decided: November 7, 2016

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## **O R D E R**

This 7th day of November 2016, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellants, Carl and Penelope Bailey, filed this appeal from an order of the Superior Court, dated April 20, 2016, denying their motion to vacate a default judgment entered against them in 2010 in a mortgage foreclosure action filed by the appellee, The Bank of New York Mellon f/k/a The Bank of New York as Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the

Noteholders of the CWHEQ Revolving Home Equity Loan Trust Series 2005-L ("the Bank"). We find no merit to the Baileys' appeal. Accordingly, we affirm the Superior Court's judgment.

(2) On January 27, 2010, the Bank filed a complaint seeking to foreclose on the Baileys' mortgaged property. Despite being served with the complaint, the Baileys failed to file a response. The Bank obtained a default judgment on March 31, 2010. Since that time, a sheriff's sale of the property has been rescheduled seven times. The most recent sale scheduled for January 2016 had been stayed pending the Baileys' bankruptcy petition, which was dismissed with prejudice on February 23, 2016.[1] On April 6, 2016, the Baileys first appeared in the action and filed a motion to vacate the default judgment, alleging that the chain of title of the property was broken with regard to the assignment of their mortgage and that the Bank was not the noteholder.

(3) The Superior Court held a hearing on the Baileys' motion. The Superior Court found that the Baileys were notified of the foreclosure action when it was filed in 2010 and were aware that a default judgment had been entered against them. The Baileys had made no payments on their mortgage for over six years and took no action to delay the foreclosure process other than file for bankruptcy protection multiple times. Only after the Bankruptcy Court barred the

---

[1] The Bankruptcy Court also barred the Baileys from filing for bankruptcy relief for a period of two years.

Baileys from filing for two years did the Baileys finally appear in the foreclosure action by attempting to vacate the default judgment. The Superior Court concluded that the Baileys had not acted without "unreasonable delay" in order to warrant reopening of the judgment and that their motion otherwise had no merit. This appeal followed.

(4) The decision to grant or deny a motion to vacate a default judgment under Superior Court Civil Rule 60(b) is within the sound discretion of the Superior Court.[2] After careful consideration of the parties' respective positions on appeal, we find it evident that the final judgment of the Superior Court should be affirmed on the basis of, and for the reasons stated in, the court's order dated April 20, 2016.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[2] *Battaglia v. Wilmington Savings Fund Soc'y*, 379 A.2d 1132, 1135 (Del. 1977) (denial of motion to open a judgment is within trial court's discretion).