IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IRIS R. RYANS, | § | |
| | § | No. 197, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | C.A. No. 09L-06-078 |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 14, 2018
Decided: February 19, 2019

Before **STRINE,** Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

**O R D E R**

(1)     The appellant, Iris R. Ryans, filed this appeal from an order of the Superior Court dated March 28, 2018, denying her motion to vacate a default judgment entered against her in 2010 in a mortgage foreclosure action.[1] We find no merit to the appeal and affirm on the basis of, and for the reasons stated in, the Superior Court's order.

(2)     The record reflects that Mortgage Electronic Registration Systems, Inc. ("MERS") filed a complaint on June 22, 2009, seeking to foreclose on Ryans' mortgaged property on Ashby Lane in Dover. The Kent County Sheriff's Office

---

[1] 2018 WL 1578168 (Del. Super. Ct. Mar. 28, 2018).

was instructed to serve the complaint and summons on Ryans. The return of service, filed on July 8, 2009, indicated that the Sheriff served the complaint and summons on Ryans on July 7, 2009. Ryans failed to answer the complaint.

(3)     MERS obtained a default judgment against Ryans in August 2010. After several delays, a Sheriff's Sale was scheduled for August 2017.

(4)     In July 2017, Ryans filed an affidavit and a motion to set aside judgment contending that she "never received a summons," and that the former Kent County Sheriff "was untrustworthy to sign a sheriff's return." JPMorgan Chase Bank, as MERS' assignee, filed a response opposing the motion.

(5)     After several continuances, the Superior Court held a hearing on March 23, 2018 on the motion to set aside judgment. By order dated March 28, 2018, the Superior Court denied the motion after finding that Ryans had "presented no proof or evidence whatsoever to rebut the presumption of proper service."[2]

(6)     On appeal, Ryans continues to deny that she was served with the complaint and summons on July 7, 2009.[3]

(7)     The decision to grant or deny a motion to vacate a default judgment under Superior Court Civil Rule 60(b) is within the sound discretion of the Superior

---

[2] *Id.*
[3] Ryans chose not to order the preparation of the hearing transcript for the appeal.

Court.[4]  Ryans has failed to demonstrate any reason justifying relief from judgment under Rule 60(b).  We find no abuse of discretion in the Superior Court's denial of Ryans' motion to set aside judgment.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice

---

[4] *Bailey v. The Bank of New York Mellon*, 2016 WL 6609165 (Del. Nov. 7, 2016) (citing *Battaglia v. Wilmington Savings Fund Soc'y*, 379 A.2d 1132, 1135 (Del. 1977)).

3