IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ROBERT M. STELLA,

    Plaintiff,

v.

                           C.A. No. S18C-06-016 RFS

RUTH ROBERTS,

    Defendant.

## **MEMORANDUM OPINION**

Submitted: 8/13/2019
Decided: 10/15/2019

*Upon Defendant's Motion to Vacate Order for Summary Judgment. Denied.*

R. Eric Hacker, Esq. and Robert G. Gibbs, Esq., 107 W. Market St., P.O. Box 690, Georgetown, DE 19947, Attorneys for Plaintiff.

Scott Wilcox, Esq. and Ryan Adams, Esq., 122 W. Market St., P.O. Box 554, Georgetown, DE 19947, Attorneys for Defendant.

**STOKES, R. J.**

1

# I.  INTRODUCTION

Before the Court is Defendant Ruth Roberts's ("Defendant") Motion to Vacate Order for Summary Judgment. Plaintiff Robert Stella ("Plaintiff") opposes the motion.

For the reasons that follow, Defendant's Motion to Vacate Order for Summary Judgment is **DENIED**.

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff took ownership of the property in dispute in 2017 through a Deed in Lieu of Foreclosure from the former owner. Plaintiff later became aware that Defendant was occupying the property and made attempts to remove Defendant. Defendant has refused to vacate because she does not remember signing the deed to her property to the former owner, disputing the original conveyance.

Defendant does not have a lease with Plaintiff nor has Defendant paid any rent. Plaintiff has not given permission or authority for the Plaintiff to occupy the property. Plaintiff has been unsuccessful in taking possession of the property, bringing the parties before this Court.

On June 15, 2018, Plaintiff filed a complaint with this Court for Action in Ejectment (Count I) and for Monetary Damages (Count II). Plaintiff later filed a Motion to Voluntarily Dismiss Count II and a Motion for Partial Summary Judgment as to Count I. Defendant did not provide a response to Plaintiff's motion.

On June 24, 2019, this Court held the Pre-Trial Conference pursuant to the Scheduling Order. Defendant failed to appear. The Court granted Plaintiff's Motion to Dismiss Count II. In addition, Plaintiff's Motion for Partial Summary Judgment was changed to Full Summary Judgment and also granted. The day after, Defendant moved to vacate the order granting summary judgment in favor of Plaintiff. Counsel thereafter, entered their appearance on Defendant's behalf and filed briefs on the issue.

Defendant does not dispute that she failed to attend the Pre-Trial Conference, however, she claims that it was the result of her mistaken belief that the case had ended. Defendant claims that upon receiving notice that Plaintiff voluntarily dismissed Count II, she believed that the case had ended.

Defendant asserts that due to her husband's health issues, his subsequent death, her age and health problems, and her inability to retain counsel at the time, she was confused by the judicial process. Defendant's Motion to Vacate Judgment is now before this Court.

### III. <u>DISCUSSION</u>

Defendant has filed a motion to vacate the Court's order for summary judgment under Rule 60(b) which allows a party to seek relief from a judgment.[1] In response to Defendant's motion, Plaintiff argues that Defendant cannot establish a basis under Rule 60(b)(1) to vacate the Court's order. A motion to open a judgment pursuant to Rule 60(b) "is addressed at the sound discretion of the Court."[2] There is, however, a strong public policy in Delaware for courts to decide cases on the merits.

Under Rule 60(b)(1), the Court may relieve a party from a final judgment for mistake, inadvertence, surprise or excusable neglect.[3] "Excusable neglect has been described as that neglect which might have been the act of a reasonably prudent person under the circumstances."[4] "A mere showing of negligence or carelessness without a valid reason may be deemed insufficient. All the surrounding circumstances may be considered in determining the issue."[5]

---

[1] Super. Ct. Civ. R. 60(b).
[2] *Phillips v. Siano*, 1999 WL 1225245, *2 (Del. Super., 1999) (citing *Battaglia v. Wilm. Sav. Fund Soc'y*, 379 A.2d 1132, 1135 (Del. 1977)).
[3] Super. Ct. Civ. R. 60(b)(1).
[4] *Cohen v. Brandywine Raceway Ass'n*, 238 A.2d 320, 325 (Del. Super., 1968).
[5] *Id.*

To be successful, a movant seeking to vacate a judgment for excusable neglect must establish four elements: (1) that her conduct was that of a reasonably prudent person; (2) that the motion was not brought after an unreasonable delay; (3) the presence of a meritorious defense; and (4) the lack of substantial prejudice to the non-moving party.[6] Defendant is unable to satisfy the first element because her conduct falls below that of an ordinary, reasonably prudent person. Therefore, Defendant is not entitled to relief from judgment under Rule 60(b)(1).

In support of her motion, Defendant claims she was unaware of the Pre-Trial Conference which is why she failed to appear. She further claims that her behavior amounts to that of an ordinary, reasonably prudent person. Defendant asserts that she was in a state of disarray caused by her husband's health problems, his subsequent death[7], and her own health problems.[8] Though the Court recognizes that a pro se party may be unfamiliar with the legal process, a reasonably prudent person would have familiarized herself with the procedures. Even though Defendant was confused by the judicial process, she should have taken steps to comply with her obligations.[9]

Plaintiff argues, and this Court agrees, that Defendant fails to establish a basis for relief under Rule 60(b)(1), however, this Court must determine whether summary judgment is warranted in this case.

Defendant fails to show that there is a genuine issue of material fact, making judgment appropriate in this case.[10] Under Superior Court Civil Rule 56(c), a party is entitled to summary

---

[6] *Phillips*, 1999 WL 1225245 at *3.

[7] Defendant's husband died in 2007.

[8] Def.'s Resp. at ¶ 4.

[9] See *Perry v. Wilson*, 2009 WL 1964787, at *1 (the court found Defendants' reasoning to fall short of excusable neglect, stating "Defendants allege in their motion that "Defendants either did not understand the complaint, how to respond, or were not cognizant of their right, as insureds, to free counsel." This claim falls well short of excusable neglect.").

[10] Super. Ct. Civ. R. 56 provides: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See also, Carriere v. Peninsula Ins. Co.*, 810 A.2d 349 (Del. 2002) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*

4

judgment if the moving party can show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[11] The party moving for summary judgment bears the initial burden of showing no material issues of fact are present.[12] When a moving party meets his initial burden of showing that no material issues of fact exist, the burden shifts to the nonmoving party to show that such issues do exist.[13]

Along with his motion, Plaintiff provided evidence supporting his action for ejectment. In an action for ejectment, the plaintiff must prove: (1) that he is out of possession; and (2) that he is entitled to possession.[14] There is no dispute that Defendant currently has possession of the property at issue, putting Plaintiff out of possession. However, Plaintiff must also show that he is entitled to possession of the property.

To show he has legal title to the property, and therefore entitled to possession, Plaintiff provided undisputed evidence. This evidence included the recorded deeds, the sale agreements, and the foreclosure judgment. Defendant never responded to Plaintiff's motion, failing to provide evidence to rebut Plaintiff's claim and thus failing to meet her burden.[15] As a result, this Court entered judgment in favor of Plaintiff.

Defendant claims that the order for summary judgment is premature and the facts of the case are at issue.[16] Defendant asserts that she may have a defense. She claims that she does not recall signing the deed, believing that the initial conveyance was fraudulent.[17] Defendant has not provided any evidence in support of that claim. Defendant continues to state that she wants to

---

Corp., 475 U.S. 574, 575, 106 S. Ct. 1348, 1350, 89 L. Ed. 2d 538 (1986)) (providing that "[i]f the facts permit reasonable persons to draw from them but one inference, the question is ripe for summary judgment").
[11] Super. Ct. Civ. R. 56(c).
[12] *Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).
[13] Super. Ct. Civ. R. 56(c).
[14] *Humes v. Charles H. W. Farms, Inc.*, 950 A.2d 661, 665 (Del. Super. Ct. 2007).
[15] Defendant's failure to respond resulted in her failure to show a material issue of fact exists.
[16] Def.'s Resp. at ¶ 8.
[17] Id. at ¶ 6.

have a handwriting expert review the signature on the deed, however, she has yet to identify an expert.

Defendant alleges that the facts of this case are in dispute, but she has not provided any evidence to support that claim. Allegations alone are not enough to create a genuine issue of material fact to overcome a motion for summary judgment.[18]

Though it is preferable to decide cases on the merits, if it is determined that no genuine issue exists, the moving party is entitled to judgment as a matter of law.[19] It is not enough for the opposing party merely to assert the existence of such a disputed issue of fact.[20] Outside of Defendant's claim that she does not remember signing the deed, she has not provided any contrary evidence. As a result, she still has not provided any evidence that suggests there is a genuine issue of fact in this case.[21]

## IV. CONCLUSION

Considering the foregoing, Defendant's Motion to Vacate Order for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

---

[18] *Carriere v. Peninsula Ins. Co.*, 810 A.2d 349 (Del. 2002).

[19] *Tlapechco v. Handler Corp.*, 2005 WL 1178176, at *1 (Del. Super. Ct., 2005) ("The law in Delaware is clear that summary judgment shall be granted if the pleadings, depositions, admissions and affidavits demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.").

[20] *Carriere*, 810 A.2d 349.

[21] Super. Ct. Civ. R. 56(e), which provides in part:

> When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.