# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WYNNWOOD CONDOMINIUM, )
ASSOCIATION, )
      Plaintiff, )
)    C.A. No. N19L-06-039 ALR
v. )
)
DANIELLE A. CEKINE, )
      Defendant. )

Submitted: January 26, 2021
Decided: January 27, 2021

*Upon Motion to Vacate Default Judgment*
**GRANTED**

## ORDER

This matter was heard by the Court on January 26, 2021. Both parties appeared through counsel. The hearing was conducted virtually using CourtScribes on the Zoom platform. In consideration of the submissions of the parties, oral argument, the Delaware Rules of Civil Procedure, decisional law, and the entire record in this case, the Court finds good cause to vacate the default judgment entered during the judicial emergency related to the COVID-19 pandemic.[1] Specifically, the Court finds as follows:

---

[1] *See* Order Decl. Jud. Emergency (Mar. 13, 2020) (Seitz, C.J.). Most recently, the Judicial Emergency Order was extended on December 30, 2020. *See* Admin. Order No. 15 (Del. Dec. 30, 2020) (Seitz, C.J.).

1.      This action was filed pursuant to the Delaware Uniform Common Interest Ownership Act ("DUCIOA")[2] to collect assessments owed by Defendant Danielle A. Cekine ("Cekine"), a condominium owner, to Plaintiff Wynnwood Condominium Association ("Wynnwood").

2.      According to Wynnwood, as of April 23, 2019, Cekine owed $4,650.44 for various assessments.  Wynnwood also claimed that Cekine owed additional liens, assessments, charges and fees.

3.      This lawsuit was filed on June 13, 2019.

4.      The Prothonotary issued a writ for service of process on June 17, 2019.

5.      The Sheriff attempted to serve Cekine with process but was unsuccessful.  On July 10, 2019, the Writ was returned Non Est.

6.      Wynnwood filed an Alias Praecipe on September 17, 2019 requesting issuance of an Alias Writ for service of process.

7.      The Prothonotary issued an Alias Writ for service of process on October 3, 2019.

8.      Again, the Sheriff attempted to serve Cekine.  On November 5, 2019, the Writ was returned Non Est.

---

[2] *See* 25 *Del. C.* § 81-101 *et seq.*

2

9.     Because no action had been taken to prosecute the lawsuit, pursuant to Rule 41 of the Superior Court Rules of Civil Procedure, the Court sent a stall letter to Wynnwood on December 2, 2019.  The Court provided notice that failure to comply with the Court's letter might result in the action being dismissed by the Court for want of prosecution.

10.    After several requests by Wynnwood for additional time to take action, as well as an explanation that Wynnwood's counsel was engaged in efforts to resolve the dispute with Cekine who was self-represented, on February 10, 2020, Wynnwood filed a motion for enlargement of time to serve Cekine.[3]

11.    The motion for an extension of time for service of process was granted by Order dated February 2, 2020.

12.    After another unsuccessful attempt to achieve service of process, the Sheriff of New Castle County filed a return of service indicating that service of process was achieved on February 24, 2020 by serving an adult who reported he lived in the household with Cekine.

13.    Pursuant to Rule 12(a), Cekine was required to answer or otherwise respond to the complaint within 20 days of service, by March 16, 2020.  Before that deadline expired, on March 12, 2020, Governor John Carney declared a State of

---

[3] *See* Super. Ct. Civ. R. 4(j) (requiring service of the summons and complaint to be made upon a defendant within 120 days after the filing of the complaint).

3

Emergency as a result of the COVID-19 pandemic.[4]  The next day, the Delaware Supreme Court issued a Judicial Emergency Order closing all courthouses and judicial administrative offices except for essential operations.[5]

14.     According to Cekine, her efforts to retain counsel were unsuccessful.

15.     On August 20, 2020, Wynnwood filed written direction for judgment to be entered.  Wynwood claimed a sum certain of $7,367.68 (principal amount of $4,650.44; post filing assessments of $5,144.00; less payments of $8,896.00; pre-judgment interest of $1,768.76; attorneys' fees of $4,160.93; and costs of $539.55).[6]

16.     Although Wynnwood had negotiated a potential settlement with Cekine, counsel for Wynnwood did not give notice to Cekine that a default judgment would be requested.

17.     Soon after the default judgment was obtained, Cekine retained counsel who filed the motion to vacate the default judgment which is now pending before this Court.

---

[4] *See* Decl. of a State of Emergency (Mar. 12, 2020) (Gov. Carney).
[5] *See* Order Decl. Jud. Emergency (Mar. 13, 2020) (Seitz, C.J.).
[6] The Court notes that between June 13, 2019 (when the Complaint was filed) and August 20, 2020 (when a default judgment was requested), Cekine had paid nearly all the money which Wynnwood claimed was owed.  Furthermore, the Court notes that the attorneys' fees claimed were nearly equal to the principal amount which Wynnwood claimed was owed when the Complaint was filed.

18. Superior Court Civil Rule 55(c) permits the Court, in its discretion, to set aside a default judgment in accordance with Rule 60(b).[7]

19. Delaware Superior Court Civil Rule 60(b) controls relief from judgment and provides:

> On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This Rule does not limit the power of a Court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant any relief provided by statute, or to set aside a judgment for fraud upon the Court, or to deal with judgments by confession as provided by law. Writs of coram nobis, coram vobis, and audita querela are abolished, and the procedure for obtaining relief from judgments shall be by motion as prescribed in these Rules or by an independent action.

20. Generally, three factors should be considered when determining whether an entry of a default judgment should be vacated.[8] First, the court must determine whether culpable conduct of the defendant led to the default and, if so, whether it was excusable.[9] Excusable culpable conduct, also known as excusable neglect, "is [] neglect which might have been the act of a reasonable person under the circumstances."[10] If a satisfactory explanation has been established for

---

[7] *Apartment Communities Corp. v. Martinelli*, 859 A.2d 67, 69 (Del. 2004).
[8] *Apartment Communities Corp.*, 859 A.2d at 69.
[9] *Id.*
[10] *Battaglia v. Wilm. Sav. Fund Soc.*, 379 A.2d 1132, 1135 (Del. 1977).

5

excusable neglect, the court must next determine whether the defendant has a meritorious defense.[11] The defaulting party needs "to make some showing that, if granted, the outcome may be different from what it will be if the default judgment is permitted to stand."[12] Finally, the court must determine whether the plaintiff will be prejudiced.[13]

21.     First, the Court finds excusable neglect.  During the period between service of process on Cekine and entry of a default judgment, Cekine was a self-represented litigant.  The Court is mindful that self-represented litigants may be held to a less stringent standard in presenting their cases under certain circumstances.[14] While notice of the default judgment is not required,[15] Cekine had been in contact with Wynnwood's counsel.  Moreover, Cekine and Wynnwood's counsel had

---

[11] *Apartment Communities Corp.*, 859 A.2d at 69–70.  "It is well-established that the Superior Court should consider either 'the possibility of a meritorious defense' or possible prejudice to the plaintiff, only if a satisfactory explanation has been established."  *Id.* at 72.

[12] *Battaglia*, 379 A.2d at 1135.

[13] *Apartment Communities Corp.*, 859 A.2d at 70.

[14] *Hayward v. King*, 2015 WL 6941599, at *4 (Del. Nov. 9, 2015) (TABLE).  It is well-settled that a self-represented litigant should be granted more leniency in articulating arguments in support of his or her claim, affording the litigant an opportunity to be fully and fairly heard.  *Jackson v. Unemployment Ins. Appeal Bd.*, 1986 WL 11546, at *2 (Del. Super. Sept. 24, 1986) (stating the Court may give a self-represented litigant leniency to allow the case to be "fully and fairly heard").

[15] *See Apartment Communities Corp.*, 859 A.2d at 73 ("Generally, where there has not been a formal entry of appearance in an action, notice of a default judgment request is not required.").

6

engaged in settlement negotiations. In addition, Cekine's opportunities to contact the Court and her ability to retain counsel was hindered by the COVID-19 pandemic.

22. Second, the Court finds that the outcome may be different if the matter proceeds on the merits. In *Battaglia v. Wilmington Savings Fund Society*, the Delaware Supreme Court found that a dispute between parties entirely concerned with how much money is owed was enough to satisfy the requirement of showing that the outcome may be different. Similarly, in this case, the parties are not concerned with whether Cekine owes Wynnwood money, but rather *how much* money is owed.[16]

23. Third, this Court finds that any prejudice to Wynnwood is *de minimis*, especially in consideration of the significant delays occasioned by Wynnwood's own failure to diligently prosecute this action.

24. Accordingly, in consideration of the strong public policy in favor of deciding cases on the merits as opposed to technical grounds;[17] on the grounds that the factors for relief pursuant to Rule 60(b) are satisfied; and in the interests of justice, the judgment entered by default shall be vacated.

---

[16] The Court notes especially the calculation of amounts owed in the direction to enter a default judgment, including the notation of payments by Cekine nearly equal to the principal amount and assessments allegedly due and owing, and also notes that the attorneys' fees claimed are nearly equal to the principal amount claimed.
[17] *Keener v. Isken*, 58 A.3d 407, 409 (Del. 2013).

25.     Finally, Superior Court Rule 60(b) provides that in relieving a party from a judgment, the Court may do so "upon such terms as are just."[18]  Under the circumstances presented here, the Court concludes that each party shall bear its own costs and fees for the presentation of the motion to vacate default judgment.

**NOW, THEREFORE, this 27th day of January 2021, Danielle A. Cekine's Motion to Vacate Default Judgment pursuant to Superior Court Rule 60(b) is hereby GRANTED.    Cekine shall answer or otherwise respond to the Complaint within 20 days of this Order.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**

---

[18] Super. Ct. Civ. R. 60(b); *see Battaglia*, 379 A.2d at 1136.