IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| Hart Dairy Creamery Corp., | § | |
| | § | No. 413, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No.: N23C-05-143 (N) |
| | § | |
| Charles Garson, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 15, 2024
Decided: July 29, 2024

Before **SEITZ**, Chief Justice; **VALIHURA**, and **LEGROW**, Justices.

## ORDER

After careful consideration of the parties' briefs and the record on appeal, we conclude that the judgment below should be affirmed on the basis of and for the reasons assigned by the Superior Court in its October 10, 2023 Bench Decision denying Hart Dairy's motion to vacate the default judgment.[1]

---

[1] To the extent that the Superior Court suggested that its inquiry on the motion to vacate must end upon finding that service on the defendant was complete and legal, we clarify that this is not the proper standard for excusable neglect under Superior Court Civil Rule 60(b)(1). The Superior Court's holding that Hart Dairy did not act as a reasonably prudent person under the circumstances when it failed to monitor both its email and its postal mail articulated the proper standard to address a Superior Court Rule 60(b) motion. *See Battaglia v. Wilmington Savings Fund Soc.*, 379 A.2d 1132, n.4 (Del. 1977).

NOW THEREFORE, IT IS ORDERED that the decision and judgment of the Superior Court be and the same hereby are AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice