**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| AIMBRIDGE HOSPITALITY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: N23C-08-204 EMD |
| | ) | |
| CHATEAU MERRIMACK RESORT & | ) | |
| SPA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR REARGUMENT**

Upon consideration of the Motion for Reargument of Plaintiff's Motion for Contempt (the "Motion") filed by Defendant Chateau Merrimack Resort & Spa, LLC ("Chateau"), Superior Court Civil Rules 7(b), 59(e) and 78(c); the entire record of this civil proceeding; and having determined that no hearing is necessary on the Motion,

1. Superior Court Civil Rule 59(e) ("Rule 59(e)") provides that a party may file a motion for reargument "within 5 days after the filing of the Court's Order or decision."[1] The standard for a Rule 59(e) motion is well defined under Delaware law.[2] A motion for reargument will be denied unless the Court has overlooked precedent or legal principles that would have controlling effect, or misapprehended the law or the facts such as would affect the outcome of the decision.[3] Importantly, motions for reargument should not be used merely to rehash the arguments already decided by the court,[4] or to present new arguments not previously raised.[5]

---

[1] Super. Ct. Civ. R. 59(e).
[2] *Kennedy v. Invacare Corp.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).
[3] *Woodward v. Farm Family Cas. Ins. Co.*, 2001 WL 1456865, at *1 (Del. Super. Aug. 24, 2001).
[4] *Id.*
[5] *Plummer v. Sherman*, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004); *see also Bd. of Managers of the Del. Crim. Justice Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *3–4 (Del. Super. Jan. 17, 2003) *rev'd on other grounds*, *Gannett Co. v. Bd. of Managers of the Del. Crim. Justice Info. Sys.*, 840 A.2d 1232 (Del. 2003).

2. In other words, a motion for reargument is "not a device for raising new arguments or stringing out the length of time for making an argument."[6] Such tactics frustrate the efficient use of judicial resources, place the opposing party in an unfair position, and stymie "the orderly process of reaching closure on the issues."[7]

3. In the Motion, Chateau argues that the Court "overlooked controlling law and misapprehended the facts" when granting the Motion for Contempt ("Contempt Motion") filed by Plaintiff Aimbridge Hospitality, LLC ("Aimbridge"). Chateau contends reargument is appropriate because:

> In the instant case, it is clear that this Court has overlooked controlling law and misapprehended the facts. Specifically, in the absence of any oral argument whatsoever, it cannot be said that this Court looked at any controlling law or apprehended any relevant fact.

Chateau provides no support for this "statement" of the law. Instead, later on, Chateau references a decision by the Supreme Court, *Dishmon v. Fucci*,[8] that involves default judgments.

4. As background, the Court held a hearing (the "Hearing") on the Contempt Motion on July 29, 2024. Counsel for Aimbridge appeared at the Hearing. Counsel for Chateau did not appear despite having filed an opposition. The Court then placed on the record the factual and legal reasons for granting the Motion on the record.[9] The Court then concluded the Hearing and entered the Order.

5. The Motion fails to address the actual ruling made at the Hearing. Instead, Chateau seems to argue that it has a right to oral argument on the Contempt Motion and the

[6] *Gannett*, 2003 WL 1579170, at *1.
[7] *Plummer*, 2004 WL 63414, at *2.
[8] 32 A.2d 338, 346 (Del. 2011).
[9] The caselaw reference by the Court at the Hearing included: (i) *Battaglia v. Wilmington Savings Fund Soc.*, 379 A.2d 1132, 1136 (Del. 1977); (ii) *Rivest v. Hauppauge Digital, Inc.*, 2020 WL 4434842, at *2 (Del. Ch. Aug. 2, 2020) and (iii) *Deutsch v. ZST Digital Networks, Inc.*, 2018 WL 3005822, at *9 (Del. Ch. June 14, 2018).

Court's "failure" to do so constitutes grounds for reargument. The Court finds Chateau's reason fundamentally flawed. First, the Court held the Hearing and Chateau did not appear. The Court did not prevent Chateau from appearing and presenting its position. Chateau's counsel's inability to make the Hearing on time or to understand that the Court holds its routine motion hearing at 9:00 a.m. on Mondays is entirely the fault of Chateau's counsel and no one else (*i.e.*, the Court and Aimbridge). Second, the Court can grant relief on a motion without holding a hearing.[10]

6.      The Court reviewed the Contempt Motion and Chateau's opposition prior to ruling on the Contempt Motion. The Court held the Hearing and placed its ruling on the record at the Hearing. Chateau fails to identify what specific part of that ruling overlooked controlling law and misapprehended the facts. The Court finds that Chateau fails: (i) to provide cause for the relief sought in the Motion; (ii) to provide any legal basis or factual support for reargument under Civil Rule 59.

**IT IS HEREBY ORDERED** that the Motion is **DENIED**.

Dated: August 2, 2024
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc: File&ServeXpress

---

[10] Del. Super. Civ. R. 7(b), Del. Super. Civ. R. 78(c); *Martinez v. E.I. DuPont De Nemours and Co., Inc*., 2012 WL 6845678, at *4 (Del. Super. Dec. 5, 2012) (no right to oral argument on a motion except where expressly provided by statute or rule).