# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

CAPITAL ONE BANK (USA), N.A.,                )
                                        )

        Plaintiff,                )

                                        )

        v.                )      C.A. No. CPU4-21-003407

                                        )

OLALEKAN ONIGBINDE,                )

                                        )

        Defendant.                )

Submitted: July 11, 2025
Decided: August 18, 2025

Renee J. Leverette, Esq.
15 Ashley Place, Ste 2B
Wilmington, DE 19804
*Attorney for Plaintiff*

Olalekan Onigbinde
81 Villas Drive, Apt. 6
New Castle, DE 19720
*Defendant Pro se*

## MEMORANDUM OPINION AND ORDER

**Manning, J.**

## Introduction

This Court provides some leeway to self-represented individuals navigating court rules and procedures while litigating their cases. However, when *pro se* litigants thwart the Court from reaching the merits of a case by engaging in insincere and deceitful gambits, such leeway evaporates.

## Facts and Procedural History

On September 23, 2021, Capital One Bank (USA), N.A. ("Plaintiff") filed a Complaint against Olalekan Onigbinde ("Defendant") alleging that Defendant entered into a credit card agreement with Plaintiff, failed to make payments and defaulted. On February 24, 2022, Defendant filed an Answer to the Complaint which states in its entirety: "1. Denied."

On April 1, 2022, Plaintiff filed a Motion for Summary Judgment arguing that no genuine issues of material fact exist, and that Plaintiff is entitled to judgment as a matter of law. A hearing was scheduled on the Motion for June 24, 2022.

Three days before the hearing, Defendant filed a Motion to Dismiss and raised several arguments. First, Defendant argued that the exhibits contained in the Complaint are insufficient in that Plaintiff has failed to provide proof of "Olalekan of the family of Onigbinde['s]" blue ink signature on the contract. Second, Defendant argued that the affidavits attached to Plaintiff's Motion are hearsay and that the billing statements are "copies and not a certified copy." Third, Defendant

argued dismissal is warranted because Plaintiff has failed to satisfy CCP Civ. R. 12(e) by failing to include any factual statements in its pleading. Defendant signed the Motion to Dismiss as an "Authorize Rep" of Olalekan Onigbinde.

Plaintiff filed a response to the Motion to Dismiss the day after it was filed and argued that Defendant cited two inapplicable rules. Plaintiff is correct. First, CCP Civ. R. 12(e), governs motions for a more definitive statement and is inapplicable for a motion to dismiss. Second, CCP Civ. R. 42(b), governs involuntary dismissals of cases where a plaintiff fails to prosecute or comply with the Courts rules, again, inapplicable. Since the cited rules are clearly inapplicable, Plaintiff assumed that Defendant moved to dismiss pursuant to CCP Civ. R. 12(b)(6). Plaintiff argued that its Complaint provided adequate notice as to the nature of the claim asserted against Defendant. Plaintiff concluded that Defendant's Motion is "without merit, unfounded and/or inapplicable to this action."

On June 24, 2022, Defendant failed to appear for the Hearing on its Motion to Dismiss but supported his absence with a document from the emergency department of Christiana Care. The Court excused the absence and rescheduled the hearing for August 5, 2022, to hear all outstanding motions.

On July 13, 2022, Defendant filed a Motion for more Definite Statement pursuant to CCP Civ. R. 12(e). Plaintiff responded, and then on August 2, 2022,

3

Defendant filed a second Motion to Dismiss asserting violations of the Freedom of Information Act.

On August 4, 2022, a day before the scheduled hearing on all outstanding motions, Defendant filed an "AFFIDAVIT OF STATUS" with the Court which stated the following:

> **I make solemn oath to the one and only most high of creation only:**
> 1. **Let the record show that I, Olalekan of the family name/surname of the Onigbinde, reserves all of my God given rights, natural inalienable rights UCC 1-308 and declare I do not consent.**
> 2. **I am not the fictional entity "OLALEKAN ONIGBINDE" and the birth certificate, social security number, drivers license is proof that I, Olalekan is the beneficiary**
> 3. **I am the living man**
> 4. **The person/birth certificate will be surrendered to the court on 08/05/2022, and I the living soul will only be there on special appearance**
> 5. **There is no contract between myself, the living soul, and any other party involved**

What this statement means, the Court has no idea. Nevertheless, it confirms that Defendant — including his living soul — was on actual notice of the hearing set for August 5, 2022.

4

On August 5, 2022, the Court called the parties forward to hear the pending motions. Counsel for Plaintiff appeared, and a unknown young man stepped forward, who the Court presumed was the Defendant based on his attire.[1] The following colloquy between the Court and the unknown young man ("X") then ensured:

> **COURT:** Good morning, Sir. Have a seat right there. And could you pronounce your name for me?
>
> **X:** Olalekan
>
> **COURT:** That's your first name, right?
>
> **X:** I'm just here on a special appearance on for the defendant.
>
> **COURT:** Oh, we're going to do this? What is your last name, Sir?
>
> **X:** I'm just here on behalf of the defendant.
>
> **COURT:** Ok, so I'm not sure. I think I know what you're doing. But if you're not going to say that you're the person who this lawsuit has been filed against and you're not going to oppose it, then I'm going to grant everything Ms. Leverette wants, Ok?

---

[1] CCP Civil Motions Calendar Hearing, at 9:32 a.m., Courtroom 5C (August 5, 2022).

5

**X:** Everything was on record on the, everything was on record.

**COURT:** I don't know what that means.

**X:** I'm just here on special appearance on behalf of the defendant.

**COURT:** Ok, so you are not, and I'm going to apologize if I mispronounce the name, but you are not Olalekan Onigbinde? You're not that person?

**X:** I'm Olalekan on special behalf.

**COURT:** Ok, answer my question, are you that person, Yes or No?

**X:** No.

**COURT:** Ok, you're free to leave. Sir, I Don't know who you are. Please leave my Courtroom.

Following this exchange, the Court denied Defendant's Motions and Granted Plaintiff's Motion for Summary Judgment as unopposed.

Over two years later, on January 7, 2025, Plaintiff successfully issued an Attachment *Fieri Facias* upon Defendant's employer. Ten days after the attachment was returned, Defendant filed the instant Motion to Vacate.

Defendant argues that Judgment was entered in favor of the Plaintiff "without Defendant being afforded and opportunity to fully litigate the matter." Defendant also argues violations of the Fair Debt Collection Practices Act and Due Process under the Fifth and Fourteenth Amendments of the United States Constitution. Defendant requests the Court to vacate the Judgment entered on August 5, 2022, and provide Defendant an opportunity to properly respond to the claims made in the Complaint. Defendant included "Sui juris" and "All rights reserved" under his signature on the Motion.

On February 11, 2025, Plaintiff, responding to the Motion to Vacate, argues that the Motion contains no meritorious reasons why the judgment against him is not valid. To allow Defendant the opportunity to argue his Motion, the Court scheduled a hearing for July 11, 2025. Nonetheless, Defendant filed another Motion to Vacate the day before the scheduled hearing for the first Motion to Vacate. Defendant claims that Plaintiff's affidavits are hearsay under Delaware Rules of Evidence 602 and 1002. Defendant also argues that Plaintiff is in violation of federal law. Defendant prays the Court stay the wage garnishment and vacate the judgment.

The Court convened on July 11, 2025, to hear Defendant's Motion to Vacate the Judgment entered against him on August 5, 2022. The Defendant affirmatively stated that he was the Defendant, and the Court read part of the transcript from August 5, 2022. The Court asked Defendant if it was him who appeared on August

7

5, 2025. Defendant responded, "I don't think so. It wasn't me." This charade continued as the Court tried to ascertain who might have been present at the first hearing. Defendant admitted to filing all the documents in this case but was unwilling to admit he was present on August 5, 2025. Additionally, Defendant admitted that notice was sent to his correct address in 2022 but claimed that he did not show up on August 5, 2022, to make any arguments. The Court denied the request to stay the wage attachment in light of the circumstances and took the matter under advisement. This is the Court's decision.

## Discussion

Delaware courts favor deciding cases on their merits whenever possible and the decision to vacate a judgment is within the sound discretion of the court.[2] To vacate a judgment pursuant to CCP Civ. R. 60(b), a party must satisfy three elements: (1) excusable neglect in the conduct that allowed the final judgment to be taken; (2) a meritorious defense to the action that would allow a different outcome to the litigation if the matter was heard on its merits; and (3) a showing that substantial prejudice will not be suffered by the plaintiff if the motion is granted.[3]

---

[2] *JumpCrew, LLC v. Bizonnect, Inc.*, 2022 WL 2828174, at *3 (Del. Super. July 5, 2022).
[3] *Perry v. Wilson*, 2009 WL 1964787, at *1 (Del. Super. 2009) (citing *Verizon Delaware, Inc. v. Baldwin Line Constr. Co.*, 2004 WL 838610, at *1 (Del. Super. 2004)).

The second and third prongs of this test will only be considered by the court after a satisfactory explanation has been established by the Defendant for its conduct that allowed for the judgment to be entered.[4] "Excusable neglect" has been defined as "neglect which might have been the act of a reasonably prudent person under the circumstances."[5] The burden is on the defendant to prove excusable neglect.[6] A defendant cannot have a judgment vacated where it has "simply ignored the process."[7]

Here, Defendant has put forth two possible situations for the court to consider as excusable neglect in support of his Motion: (1) the true Defendant appeared for oral arguments on August 5, 2022, and utterly failed to address the merits of the case; or (2) Defendant sent a person not licensed to practice law in the State of Delaware to represent himself, and that person failed to adequately represent him. Either way, Defendant has not provided satisfactory proof of excusable neglect as to why the final judgment should be vacated. Defendant's arguments, at best, only go toward the merits of the case. Arguably, the only valid point raised by Defendant is

---

[4] *Id.* (citing *Apartments Cmtys. Corp. v. Martineli*, 859 A.2d 67, 72, (Del. 2004)).
[5] *Battagalia v. Wilmington Sav. Fund Soc'y*, 379 A.2d 1132, 1135 (Del. 1977).
[6] *Apartments Cmtys. Corp. v. Martineli*, 859 A.2d 67, 72, (Del. 2004) (noting that the defendant seeking to vacate the default judgment "offered no affidavits or testimony from any potentially helpful witnesses in support of its motion"); *see also Thompson v. Colonial Court Apartments, LLC*, 2006 WL 3174767 (Del.Super.) (stating that the defendant did not produce enough evidence in support of its motion to vacate the default judgment to meet its burden of proving excusable neglect).
[7] *Perry v. Wilson*, 2009 WL 1964787 (citing *Mahoney v. Avantix Labs., Inc.*, 2007 WL 789440 (Del. Super. 2007)).

that he was not given an opportunity to "fully litigate this matter." However, as the record reveals, that failure was due to Defendant's choice of litigation strategy, not a failure by the Court to provide such an opportunity. Accordingly, the Court finds that Defendant has not shown excusable neglect.

## Conclusion

The Court finds that Defendant attempted to avoid answering the claims against him on their merits by intentionally engaging in obfuscation and deceptive games. The Court does not play games.

Therefore, Defendant Olalekan Onigbinde's Motion to Vacate the Final Judgment issued on August 5, 2022, is hereby **DENIED**.

Bradley V. Manning
Judge